IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| VIMALA LLC, dba ALECIA<br>and<br>ALECIA VENKATARAMAN,<br><br>    Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A. and WELLS<br>FARGO MERCHANT SERVICES, LLC,<br><br>    Defendants. | Case No. 3:19-cv-00513<br><br>Judge Eli J. Richardson<br>Magistrate Judge Jeffery S. Frensley<br><br>JURY DEMAND |

## DEFENDANTS' MOTION TO CONTINUE TRIAL

Defendants Wells Fargo Bank, N.A. ("Wells Fargo Bank") and Wells Fargo Merchant Services, LLC ("WFMS" and, together with Wells Fargo Bank, "Wells Fargo") hereby submit this Motion to Continue Trial (the "Motion"), requesting a reasonable postponement of the currently scheduled trial date, December 7, 2021, and accompanying deadlines until after the Court's disposition of Wells Fargo's Motion for Summary Judgment (ECF #118) and Motion for Sanctions (ECF #125) and Plaintiffs' Motions to Dismiss (ECF #114, #115), pursuant to Local Rule 6.01(a) and the Court's Practices and Procedures § III.B.

Pursuant to the requirements of Local Rules 6.01(a)(4) and 7.01(a)(1), Wells Fargo has conferred with Plaintiffs regarding this Motion and the relief sought, and Plaintiffs do not consent to the relief requested herein.

# RELEVANT BACKGROUND

1. On September 24, 2019, the Court entered an Order Setting the Case for Trial, which scheduled trial for March 23, 2021. *See* ECF #30.

2. In fall 2020, the parties were engaged in a discovery dispute and Plaintiffs filed a Second Motion for Extension of Time to Complete Discovery and to Disclose Expert Witnesses and Reports. *See* ECF #82.

3. In light of the parties' dispute and Plaintiffs' motion, and after a discovery teleconference, the Court entered an Order on November 19, 2020 confirming that it would be "necessary to extend the discovery deadlines in the case management order and recommend a new target trial date." *See* ECF #92. That Order then asked the parties to submit a new proposed revised scheduling order and target trial date. *See id.*

4. On November 24, 2020, the parties submitted a Joint Proposed Scheduling Order with a target trial date no earlier than December 6, 2021. *See* ECF #93. The parties' Proposed Scheduling Order was adopted by the Court in its December 1, 2020 Order. *See* ECF #94.

5. Consistent with the Scheduling Order, on February 22, 2021, the Court entered an Order Resetting Trial for December 7, 2021. *See* ECF #99. The complete list of deadlines provided in (or as a result of) the Court's February 22 Order are as follows:

| Date | Deadline |
|---|---|
| November 5, 2021 | Supplement discovery responses |
| November 15, 2021 | Exchange exhibit lists, exhibits, and deposition designations and videos; File motions *in limine* and to exclude experts |
| November 22, 2021 | File oppositions to motions *in limine* and to exclude experts; File joint proposed pretrial order; File joint proposed jury instructions and verdict forms; File witness lists; File exhibit lists; File pretrial stipulations |
| November 23, 2021 | Subpoena trial witnesses |
| November 29, 2021 | Pretrial conference |

| Date | Deadline |
|---|---|
| November 30, 2021 | Objections to deposition designations and videos |
| December 7, 2021 | Trial begins |

6. On April 27, 2021, the Scheduling Order adopted in December 2020 was modified, and dispositive motion deadlines were extended by two weeks so that replies were due September 3, 2021. *See* ECF #106. The trial dates were not affected by this modification. *Id.*

7. On June 25, 2021, Wells Fargo served a safe harbor letter on Plaintiffs and their Counsel disclosing its intent to file a Motion for Sanctions if they did not withdraw all of Plaintiffs' claims within twenty-one days.

8. On July 13, 2021, the day before the dispositive motion deadline, Vimala moved to dismiss its claims against Wells Fargo Bank and WFMS for conversion and unjust enrichment and against WFMS only for breach of contract, without prejudice. *See* ECF #115. On the same day, Venkataraman moved to dismiss all of her claims against both Defendants without prejudice. *See* ECF #114.

9. On July 14, 2021, Wells Fargo filed its Motion for Summary Judgment as to all claims asserted by Plaintiffs. *See* ECF #118. Wells Fargo likewise informed the Court that it opposed Plaintiffs' Motions to Dismiss, which it did formally on July 21, 2021. *See* ECF #116, #127.

10. On July 20, 2021, after the safe harbor period expired, Wells Fargo filed its Motion for Sanctions seeking dismissal of this action as well as an award of fees. *See* ECF #125.

11. Each of Wells Fargo's Motion for Summary Judgment and Motion for Sanctions is now fully briefed and pending disposition, as are Plaintiffs' Motions to Dismiss.

3

## STANDARD AND ARGUMENT

12. The "granting or denial of a continuance is a matter within the discretion of the trial judge[.]" *Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 766 (6th Cir. 2019) (citation omitted); *see also Connor v. Helo*, 830 F.2d 193 (6th Cir. 1987) (same); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

13. Under Local Rule 6.01, any request for an extension of time in a civil matter must (1) be made by written motion; (2) state the original deadline and the requested deadline; (3) provide the reasons for why an extension is requested; and (4) indicate whether the opposing party objects. *See* L.R. 6.01(a). This Court will grant a motion to continue trial "for good cause shown." *See* Practice and Procedures § III.B.

14. "The primary measure of Rule 16's 'good cause' requirement is the moving party's diligence in attempting to meet the case management order's requirements." *Salem v. Warren*, No. 10-CV-11943, 2014 WL 12651680, at *1 (E.D. Mich. Mar. 4, 2014) (quoting *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)). Courts also consider possible prejudice to any party that opposes the modification. *Id.*

15. Courts within this Circuit recognize the "value" in summary judgment motions in "narrowing issues that could be raised at trial." *Salem,* 2014 WL 12651680, at *2. Thus, where the disposition of pending motions would narrow the issues for trial, those circumstances favor a continuance of the trial date. *See In re River City Resort, Inc.*, No. 1:14-BK-10745-SDR, 2020 WL 6955328, at *4 (Bankr. E.D. Tenn. Nov. 16, 2020) (holding that disposition of summary judgment motion would resolve counterclaim and therefore "have a significant impact on the course of the trial," warranting additional time for briefing and continuance of a trial date) (citations omitted).

4

16. Here, Wells Fargo has complied with the Court's scheduling orders in this case, and there is good cause to continue the current trial date in light of the various motions pending before the Court, the disposition of which will greatly affect the scope of trial. Indeed, whether Wells Fargo or Plaintiffs ultimately prevail on their Motion for Summary Judgment or Motions to Dismiss, respectively, the result will be substantially less than the fifteen claims currently before the Court.

17. This will undoubtedly narrow the nature of the parties' pretrial submissions, the proposed jury instructions, the nature and amount of fact and expert witnesses and exhibits, and the number of pretrial motions and other issues to be resolved by the Court, which become due as soon as November 15, 2021, and, as to joint submissions like jury instructions, must begin to be negotiated by the parties well in advance of that deadline.

18. Continuing the trial date will promote judicial economy and preserve the resources of the Court and the parties alike. Wells Fargo recognizes the crowded nature of the Court's docket, and that the parties here have placed many issues before the Court, only adding to the Court's workload. Continuing trial until those motions can be ruled upon will enable the parties to appropriately tailor their trial preparation and their pretrial submissions to the Court.

19. In light of the foregoing, and for good cause shown, Wells Fargo respectfully requests that the Court continue the pretrial deadlines and the trial date of December 7, 2021, for a reasonable time pending disposition of Wells Fargo's Motion for Summary Judgment and Motion for Sanctions and Plaintiffs' Motions to Dismiss.

20. A continuance of the trial date will not prejudice Plaintiffs, as they will equally benefit in their trial preparations by being able to incorporate the rulings of the Court on these motions.

WHEREFORE, Wells Fargo respectfully requests an Order continuing the current trial and pretrial deadlines for a reasonable period pending disposition of the motions before the Court.

Dated: October 11, 2021

Respectfully submitted,

/s/ *Nellie E. Hestin*
Jarrod D. Shaw (*pro hac vice*)
Nellie E. Hestin (*pro hac vice*)
Jared M. DeBona (*pro hac vice*)
MCGUIREWOODS LLP
Tower Two-Sixty
260 Forbes Avenue, Suite 1800
Pittsburgh, PA 15222
Phone: (412) 667-7909
nhestin@mcguirewoods.com
jshaw@mcguirewoods.com
jdebona@mcguirewoods.com

Woods Drinkwater (BPRN 033838)
NELSON MULLINS RILEY &
SCARBOROUGH, LLP
One Nashville Place, Suite 1100
150 Fourth Avenue North
Nashville, TN 37219
Phone: (615) 664-5339
woods.drinkwater@nelsonmullins.com

*Attorneys for Defendants Wells Fargo Bank, N.A. and Wells Fargo Merchant Services, LLC*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document filed through the ECF system on October 11, 2021, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

>Scott Raymond Maucere
>Daniel O. Barham
>Steven G. Fuller
>Zachery S. Darnell
>BARHAM & MAUCERE LLC
>6708 Heritage Business Court
>Chattanooga, TN 37421
>scott@b-m.law
>dan@b-m.law
>steve@b-m.law
>zachery@b-m.law

>>/s/ Nellie E. Hestin