IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| VIMALA LLC, d/b/a ALECIA, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | NO. 3:19-cv-00513 |
| | ) | |
| v. | ) | JUDGE RICHARDSON |
| | ) | |
| WELLS FARGO BANK, N.A., et al., | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

In this case, in a carefully considered move that is extremely rare (and indeed virtually unprecedented) for the undersigned, the undersigned has determined that the appointment of a special master is justified and to be ordered, subject to consideration of the parties' views on the matter. (Doc. No. 177 at 4). More specifically, in its order last month announcing this determination (Doc. No. 177, "February 7 Order"), the Court indicated its intention to appoint a special master in connection with two issues vital to the resolution of the (very significant and serious) pending Motion for Sanctions (Doc. No. 125) filed by Defendants.[1] Explaining the basis for its tentative conclusion that a special master should be appointed, the undersigned wrote:

> The parties have submitted dueling expert reports related to these issues. (Doc. Nos. 126- 10 and 136-19). Although these reports do not conflict with each other in all respects, and indeed in some respects perhaps can be reconciled, they certainly point to generally opposite conclusions regarding issues (1) and (2) above. Although the undersigned can say that he is far from new to the kinds of forensic concepts necessary to address these two issues and that he well understands the role of these concepts in resolving these two issues, he also can say that his consideration of these issues would be enhanced by the expertise a special master could provide. He likewise can say that he is not confident that he can devote

---

[1] The Court preliminarily has framed these issues—the subject-matter of the proposed appointment—as follows: "(1) which (if any) of the allegedly fabricated emails were fabricated and, if so, (2) which (if any) of such fabricated emails were fabricated by Plaintiff Venkataraman." (Doc. No. 177 at 3) (footnotes omitted).

adequate time—considering the time he needs to devote to other matters on his docket—to scrutinize these issues the way a special master could.

Accordingly, pursuant to Federal Rule of Civil Procedure 53, the Court hereby gives notice of, and an opportunity to be heard on, its intention to appoint a special master for purposes of addressing issues (1) and (2) delineated above. The Court finds, subject to consideration of the parties' views, that the appointment of a special master for this purpose likely is justified under Rule 53(a)(1)(B)(i) & (C), even accounting for the countervailing considerations of Rule 53(a)(3),5 considering the complex forensic issues to be addressed, the volume of data (and metadata) which must be reviewed and the limited judicial resources available to conduct the extensive review required in this case.

(Doc. No. 177 at 4).

Defendants have filed a notice indicating their non-objection to the appointment of a special master and proposed procedures and special master candidates. (Doc. No. 180). Plaintiffs have filed a notice of their objection to the contemplated appointment of a special master. (Doc. 181).

Plaintiffs were, of course, well within their rights to accept the Court's invitation to express their views, whatever they may be, regarding the Court's contemplated appointment of a special master. But the Court deems unsound the basis for the objections. In the Court's view, Plaintiffs' objection is based on numerous flawed approaches, including second-guessing the undersigned's view of what he reasonably can accomplish given his current docket and trial schedule, asserting that issues that have generated related filings four inches high (based on the undersigned's literal tape measuring just prior to writing this) really aren't very involved, disregarding the import for the undersigned of the numerous differences of opinion between the parties' dueling experts, being oblivious to the fact that the Court has been frustrated in its attempts to clarify applicable technical (not to mention factual and legal) issues implicated by the subject-matter of the proposed appointment, relying on an inapplicable case concerning whether docket congestion *by itself* can justify the appointment of a special master, relying on an inapplicable case that says that

disagreement among dueling experts is not *by itself* grounds for the appointment of a special master, incorrectly asserting that the appointment of a special master would lead to delay rather than expedite matters, blithely asserting that Plaintiffs should not be burdened with the expense of a special master (even though their case is already very resource-intensive, having already generated well over 6000 pages of filings even though trial remains well in the future), incorrectly asserting that nothing would be accomplished via the special master's work if objections were lodged to the special master's factual findings or recommendations, speculating that the undersigned would not fulfill his obligation to comply either with his statutory duty to properly review any such objections under Article III of the U.S. Constitution or his statutory duty to properly review any objections to the special master's factual findings or recommendations, and incorrectly suggesting that the Court's purpose in appointing a special master is to improperly outsource the factfinding in this case.

As the Court perceives the grounds for Plaintiffs' objection, those grounds are without merit. The Court does not expect Plaintiffs necessarily to be happy about the appointment of a special master and the costs attendant to that.[2] But Plaintiffs have, in the Court's view, (a) imputed to the Court both current motives, and likely future behavior, that in fact do not and will not exist; and (b) relied on cases inapplicable to the Court's case-specific and multi-faceted reasons for requesting a special master in this case. The Court stands behind those reasons.

The Court feels constrained to address three more specific points. First, the Court understands that the contemplated work of the special master bears on issues that ultimately may

---

[2] Notably, the Court here refers to the *cost* alone, and not the cost *and delay*, because the Court currently does not see how the appointment of a special master would result in a delay in the decision on the Motion for Sanctions (and perhaps everything else in this case, which could easily be held up pending a decision on the Motion for Sanctions) beyond the delay reasonably to be expected if no special master is appointed.

be decided by a jury. But that is *not* to say that the Court must, or even should, throw up its hands and deny (or at least defer) the Motion for Sanctions on the grounds that it requires resolution of issues that are solely for the jury. To the contrary, if the Motion for Sanctions is well-supported—which it most certainly is, even if it ultimately is not granted—the Court is aware of no reason why it lacks the discretion to resolve the Motion for Sanctions before trial under the view that Defendants should not have to get anywhere near as far as a trial. In other words, if the allegations underlying the Motions for Sanctions are accurate,[3] justice would be served by nipping this case in the bud long before trial—and since Defendants have set forth substantial support for their allegations, the Court is inclined to determine before trial whether those allegations are indeed accurate.

Second, because the Motion for Sanctions is well-supported, currently it is certainly possible that Plaintiffs are to blame for the effort and expense resulting from the contemplated work of the special master. Plaintiffs assume otherwise, who would be "unfair[ly]" harmed by having to pay half the costs of a special master. (Doc. No. 181 at 6). But unless Plaintiffs here are innocent victims of false accusations, it would hardly be unfair for Plaintiffs to at least bear half the costs of the special master, and the Court cannot yet say whether the accusations against Plaintiffs are false.

Third, citing a 72-year-old case from another district court, Plaintiffs rely on the principle that litigants do not contemplate the "extraordinary and unusually heavy expenses" of a special master and that such expenses "should not be inflicted except in cases of most compelling necessity." (Doc. No. 181 at 6) (quoting *Fraser v. Studebaker Corp.*, 11 F.R.D. 94, 95 (W.D. Pa.

---

[3] This is a question on which the Court takes no current position and indeed intends to decide only later based, in part, on its *independent and thorough review* of the special master's work.

1950)). Setting aside the obviously non-binding nature of this case, Plaintiffs' reliance on it is problematic for two reasons. To begin with, *if* the allegations underlying the Motion for Sanctions are true, then Plaintiffs indeed should have contemplated the possibility of severe consequences—of which special-masters fees likely would be on the less severe end—once Plaintiffs' (alleged but still unproven) scheme was uncovered. Moreover, the allegations here are unusually grave (and not only for Plaintiffs themselves but also for their counsel) and quite vital to the resolution of this entire matter; for this and the reasons previously mentioned, the Court deems the appointment of a special master a compelling necessity.

Finally, Plaintiffs rely on a 27-year-old case from another district for the proposition that "where each party has its own experts, there should be no need [to] impose additional costs of a special master on either party." (Doc. No. 181 at 6) (citing *Hiern v. Sarpy*, 161 F.R.D. 332, 335 (E.D. La. 1995)). But this case is unhelpful, and not only because it is old and not precedential. It speaks only to what *should be* necessary if each party has its own experts. It does not speak to what a court reasonably can conclude *is* necessary—either as a general matter or under the particular circumstances presented here. The Court stands by its conclusion that the appointment of a special master is necessary under these circumstances. The Court, relatedly, stands by the notion that the appointment of a special master would be helpful to it by providing the Court tools to decide (ultimately for *itself*, as the undersigned is well aware is required even if Plaintiffs imply that he is unaware of that requirement) between two very different views of what could have happened and did in fact happen—a decision that the Court reasonably has concluded would be

aided by such assistance because the divergence among the expert opinions has tended to obfuscate rather than clarify the technical issues.[4]

Accordingly, the objection is overruled. Plaintiffs failed to do what the February 7 Order explicitly ordered it to do by March 14, 2022: submit itself (or jointly with Defendants) for the Court's consideration a notice (or proposed agreed order) that suggests both a candidate for appointment as special master and a specific scope of duties for the special master related to the above-referenced two issues. (Doc. No. 177 at 4–5; Doc. No. 179 (extending by two weeks the original February 28, 2022 deadline)).[5] On the other hand, Plaintiffs did at least file *something* (something clearly not thrown together at the last minute) by March 14, 2022 in response to the February 7 Order; thus, though ignoring the Court's express instructions in the February 7 Order as to what should be contained in the relevant filing, Plaintiffs hardly can be accused of thumbing their noses at the Court. Thus, the Court will give them another opportunity to do what they were previously ordered to do. That is, by April 4, 2022, Plaintiffs at their option may file a notice that suggests both one or more candidates for appointment as special master and a specific scope of duties for the special master.

---

[4] The Court is well aware that sometimes all that a factfinder really needs to do to resolve applicable issues is to choose between dueling experts' conflicting views. Other times, however, a nuanced view of the issues is so elusive, or the various sub-issues that are implicated by the applicable issues are so opaque, that it is less than desirable to make a choice between the experts' conflicting choices as the experts themselves have framed the choices. In such instances, especially in the context of a pretrial motion where invasion of the jury's province is not an issue, it may be very useful to employ a special master to illuminate the sub-issues and delineate the *actual* choices from which the Court can choose—which are not necessarily the choices from which the *parties* say the Court should choose.

[5] Whatever Plaintiffs' prerogative may have been to object to the appointment of a special master, the filing of an objection did not somehow serve to relieve Plaintiffs of the obligation to comply with the Court's March 14, 2022 deadline (or, failing that, to request an extension of such deadline). It appears that Plaintiffs did not satisfy that obligation.

After April 4, the Court will thus proceed with the appointment of a special master for the purposes of addressing the two issues described in Footnote 1 (above) in relation to Defendants' Motion for Sanctions. In so doing, it will consider the Defendants' proposal (outlined at Doc. No. 180), as well as any proposal Plaintiffs may file by April 4.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE