IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| VIMALA LLC, dba ALECIA et al.,<br><br>Plaintiffs<br><br>v.<br><br>WELLS FARGO BANK, N.A. et al.,<br><br>Defendants. | No. 3:19-cv-0513<br><br>Judge Eli J. Richardson<br>Magistrate Judge Jeffery S. Frensley<br><br>**JURY DEMAND** |

**PLAINTIFFS' NOTICE REGARDING
APPOINTMENT OF SPECIAL MASTER UNDER F.R.P.C. 53**

Vimala LLC, dba Alecia ("Vimala") and Alecia Venkataraman ("Ms. Venkataraman" and collectively with Vimala, "Plaintiffs"), by and through undersigned counsel, respectfully submit this notice in response to the Court's Order of March 24, 2022 (ECF 182) (the "Order"), requiring Plaintiffs to file a notice by April 4, 2022 that "suggests both one or more candidates for appointment as special master and a specific scope of duties for the special master." (p. 6). Plaintiff herein responds to the Court's Order and states the following:

      Plaintiffs understand and respect the Court's unique challenges faced with the voluminous record, highly technical evidence, and parties with diametrically opposed statements of facts. Plaintiffs appreciate the Court's position in the Order, and while counsel for Plaintiffs believe that it was responding in good faith to the Court's original Order of February 7, 2022 (ECF 177), Plaintiffs will attempt to clarify their position and provide the court with candid proposals for the Court's benefit.

      Plaintiffs do respectfully renew their objections to the Court's proposal for the appointment of a special master under FRCP 53 and incorporate and restate the basis for their objections under Plaintiffs' Objection to the Appointment of a Special Master (ECF 181), filed on March 14, 2022

1

fully as if stated herein, and object that such an appointment is not appropriate under the Federal Rules of Civil Procedure, unduly prejudices Plaintiffs, and will cause undue cost and delay.

Notwithstanding such objection, and subject to and without waiving the foregoing, Plaintiffs make the following proposals regarding the appointment and scope of the Special Master.

A. **Appointment.**

Plaintiffs propose that the Court appoint a Magistrate in the US Court for the Middle District of Tennessee to serve in the role of Special Master under FRCP 53. Whether Magistrate Jeffery S. Frensley or another equally qualified magistrate, Plaintiffs believe that this squarely falls within the contemplated duties of a magistrate and that a magistrate would be uniquely positioned to understand the facts and apply the scope and legal standards of a special master. Moreover, Magistrate Frensley is already acquainted with the parties, facts, and discovery history that would give the special master a unique position in which to efficiently dispose of its duties.

Plaintiffs have no further recommendations regarding the appointment of a special master. Plaintiffs submit that they cannot approve of any of Defendant's proposed special masters because Plaintiffs simply cannot afford to pay their half of a special master's costs, laboring over the course of many months. Customary hourly rates and the scope of the proposed special master make the payment for the special master an unanticipated (as the Court pointed out, extremely rare) appointment of a third party to provide a report and recommendation.

Absent some relief provided by the court regarding expenses, Plaintiff's position is that a magistrate is a qualified and much more cost-effective choice.

B. **Scope**

Plaintiffs propose the following scope of the special master:

1. The Scope of the special master shall be limited to determine the following issues outlined in the Court's Order of February 7, 2022 (ECF 177): First, which, (if any) of the allegedly fabricated emails raised in Wells Fargo's Motion for Sanctions (ECF 125, 126) were fabricated; and, if so, second, which (if any) of such fabricated emails were fabricated by Plaintiff Venkatarman ("Delegated Issues"). *See* ECF 177 at 3.

2. The Special Master shall have the authority to issue a report and recommendation on the Delegated Issues and shall comply with Rule 53(d) in doing so.

3. The Special Master's authority regarding Number 2 above shall be limited in scope to reviewing the Record, Defendant's Motion for Sanctions, Plaintiffs' response, respective briefs, and all evidence submitted as a part of those filings. The Special Master may not be permitted to review any additional evidence except as set forth in Number 4 below.

4. Notwithstanding the Special Master's limitation on reviewing new evidence not previously filed in this matter, the Special Master may be permitted to request that a) the Court hold an evidentiary hearing to take evidence from Plaintiff Venkataraman in which she will be permitted to testify to her knowledge of facts related to the Designated Issues, under examination from her counsel and under cross examination; b) that the Special Master be empowered to, and Defendant be ordered to comply with, obtain the email servers in the possession of Defendant in which the emails that are the subject of the Designated Issues passed to examine the servers for evidence of those emails, and to conduct inquiry and related examination as necessary.

5. The Custodian shall complete its review within sixty (60) days of the appointment and shall provide a written report and recommendation by such deadline.

6. The costs associated with the services of the Special Master shall not be considered taxable under 28 USC §1920.

A. **Mediation**

In addition to the above-proposed scope, Plaintiffs propose that, in order to allow for all attempts at resolution prior to the incurring of extraordinary costs and expenses related to the special master, that prior to the commencement of the special master's duties, the Court order the parties to mediate in an attempt to resolve all disputes under this action.

Respectfully Submitted this 4th day of April, 2022.

**BARHAM & MAUCERE LLC**

*/s/ Scott Raymond Maucere*
Scott Raymond Maucere, TN BPR 027407
Daniel O. Barham, TN BPR 034103
Admitted to Practice in the U.S. District Court
For the Middle District of Tennessee
7209 Haley Industrial Dr, Ste 210
Nolensville, TN 37135
O 423.855.1755
Attorneys@b-m.law
*Attorneys for Plaintiffs*

4

# CERTIFICATE OF SERVICE

I certify that on this day a true and exact copy of the foregoing document has been served on the following counsel by electronic mail and/or CM/ECF to:

Jarrod Shaw
Nellie Hestin
McGuireWoods LLP
Tower Two-Sixty
260 Forbes Avenue
Suite 1800
Pittsburgh, PA 15222
JShaw@mcguirewoods.com
NHestin@mcguirewoods.com

Nelson, Mullings, Riley & Scarborough, LLP
c/o William W. Drinkwater
150 Fourth Ave, N
Suite 1100
Nashville, TN 37219
Woods.Drinkwater@NelsonMullins.com

      This the 4th day of April, 2022.

                                **BARHAM & MAUCERE LLC**

                                */s/ Scott Raymond Maucere*