IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| VIMALA LLC, dba ALECIA and ALECIA VENKATARAMAN, <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO BANK, N.A. and WELLS FARGO MERCHANT SERVICES, LLC, <br><br> Defendants. | Case No. 3:19-cv-00513 <br><br> Judge Eli J. Richardson <br> Magistrate Judge Jeffery S. Frensley <br><br> JURY DEMAND |

## [PROPOSED] ORDER APPOINTING SPECIAL MASTER

The Parties propose the following order of appointment. Unless noted with "Defendants' Version" and "Plaintiffs' Version," the language of each paragraph is agreed between the Parties. The Parties have also marked the differences between their proposed versions by underlining just the portions that have differing language for the Court's easier review.

Pursuant to Federal Rule of Civil Procedure 53, the following Order is entered:

1. Pursuant to Rule 53(a) and (b), and over the continuing objection of Plaintiffs, the Court hereby appoints Scott Cooper as Special Master in the above-captioned case for the limited purposes as set forth herein and finds that he is appropriate to serve in that role. The Special Master shall forthwith file a declaration confirming that he is aware of no grounds for disqualification pursuant to 28 U.S.C. § 455.

2. **DEFENDANTS' VERSION:** Pursuant to Rule 53(b)(2)(A), the duties of the Special Master shall be to complete factfinding and analysis <u>and oversee related briefing, evidentiary hearings, and/or argument, each as needed in the Special Master's discretion</u>, to determine the following issues outlined in the Court's Order of February 7, 2022 (ECF 177): first, which (if any) of the allegedly fabricated emails raised in Wells Fargo's Motion for Sanctions (ECF 125, 126) were fabricated; and, if so, second, which (if any) of such fabricated emails were fabricated by Plaintiff Venkataraman (hereinafter the "Delegated Issues"). *See* ECF 177 at 3.

**PLAINTIFFS' VERSION:** Pursuant to Rule 53(b)(2)(A), the duties of the Special Master shall be to conduct factfinding and analysis, <u>order additional discovery as set forth herein, review evidence and briefing in the record, to conduct limited evidentiary proceedings and/or argument</u> to determine the following issues outlined in the Court's Order of February 7, 2022 (ECF 177): first, which (if any) of the allegedly fabricated emails raised in Wells Fargo's Motion for Sanctions (ECF 125, 126) were fabricated; and, if so, second, which (if any) of such fabricated emails were fabricated by Plaintiff Venkataraman (hereinafter the "Delegated Issues"). *See* ECF 177 at 3.

3. Pursuant to Rule 53(b)(2), the Court hereby directs the Special Master to proceed with all reasonable diligence to perform the duties set forth herein with respect to the Delegated Issues, as well as any additional duties that the Court in its discretion may impose from time to time as necessary by further orders.

4. The Special Master shall have the authority to take all appropriate measures to perform the assigned duties fairly and efficiently subject to any limitations set forth herein. When the Special Master issues any order, report, or recommendation on any Delegated Issue, the Special

Master shall comply with all the requirements of Rule 53(d), if applicable, respecting the entry of any such order, report, or recommendation.

5. **DEFENDANTS' VERSION:** The Special Master may <u>hold meetings or hearings as he deems appropriate, including evidentiary hearings with presentation of fact or expert witness testimony</u>. Oral arguments or evidentiary hearings in front of the Special Master shall be recorded by a court reporter as if the hearing were being held before the Court. At the request of either party, any status conference or meeting with the Special Master may be recorded by a court reporter at such requesting party's cost..

**PLAINTIFFS' VERSION:** The Special Master may <u>conduct limited meetings or hearings to perform the duties set forth hereunder. Except as otherwise set forth herein, consideration of expert evidence shall be limited to review of the opinions, exhibits, and deposition testimony in the record</u>. Oral arguments or evidentiary hearings in front of the Special Master shall be recorded by a court reporter as if the hearing were being held before the Court. At the request of either party, any status conference or meeting with the Special Master may be recorded by a court reporter at such requesting party's cost.

6. **DEFENDANTS' VERSION:** The Special Master may correspond with counsel for the parties jointly through conference calls and written correspondence, including emails and letters, and may, at any time, request additional information or documents from the parties relating to the Delegated Issues including, without limitation, supplemental briefs, letters, position statements, and/or testimony from already disclosed witnesses or experts clarifying or providing additional information about their respective positions. <u>Notwithstanding this paragraph or the</u>

terms of this Appointment Order generally, and recognizing that discovery has closed in this case (both fact and expert discovery), the Special Master shall not have the authority to order additional discovery from any party, whether fact or expert, or permit either party to conduct any additional discovery.

**PLAINTIFFS' VERSION:** The Special Master may correspond with counsel for the parties jointly through conference calls and written correspondence, including emails and letters, and may, at any time, request additional information or documents from the parties relating to the Delegated Issues including, without limitation, supplemental briefs, letters, position statements, and/or testimony from already disclosed witnesses or experts clarifying or providing additional information about their respective positions. The Special Master shall have the authority to order additional discovery from any party, whether fact or expert, and shall be empowered to obtain and/or inspect the email servers (or related email systems) in possession of Defendant through which the emails that are the subject of the Designated Issues passed so that the Special Master may analyze, examine, and review the servers for evidence of those emails or other evidence relevant to the resolution of the Designated Issues. In connection therewith, the Special Master may order Defendants' designated custodian(s) of those servers (or related email systems) to appear for deposition(s) or evidentiary hearing(s). The Special Master shall further have the authority to order any representative of either party to appear and give testimony concerning any matter he deems relevant to the resolution of the Designated Issues. [1]

---

[1] **Defendants' Position:** The differences underlined in this proposed paragraph illustrate the primary difference (aside from cost) among the Parties' positions throughout this proposed order (*see also, e.g.,* Paragraphs 2, 5). Plaintiffs' proposal here – that the Special Master be empowered to stand essentially as Plaintiffs' own expert by examining Wells Fargo's electronic servers, drawing expert opinions from that review, and even forcing additional depositions, at Wells Fargo's own expense, no less – is contrary to the role of the Master and inconsistent with the current status of the case. Wells Fargo produced highly sensitive and detailed records on its email servers and offered a corporate witness to testify about them. *See generally* ECF 163 at 5-6. Plaintiffs elected neither to question the witness on those documents nor to have their expert opine on them. *See id*. at 5-6, 8. It is neither warranted nor appropriate at this juncture to permit Plaintiffs another bite at the discovery apple to be executed through a judicial Master.

7. The Special Master may, at any time, communicate *ex parte* with the Court for any purpose related to the Delegated Issues. In particular, if the Special Master identifies any matters that pose particular or unique problems, the Court shall be consulted. All parties shall be copied on any party's communications with or submissions to the Special Master. The Special Master may not have *ex parte* communications with the parties. The following persons are designated as the parties' primary contacts for the Special Master:

    a. For Plaintiffs:
       Daniel Barham
       BARHAM & MAUCERE LLC
       7209 Haley Industrial Dr., Ste 210
       Nolensville, TN 37135
       Phone: (615) 490-8888
       dan@b-m.law

    b. For Wells Fargo:
       Jarrod D. Shaw
       MCGUIREWOODS LLP
       Tower Two-Sixty
       260 Forbes Avenue, Suite 1800
       Pittsburgh, PA 15222
       Phone: (412) 667-7907
       jshaw@mcguirewoods.com

8. Pursuant to Rule 53(b)(2)(C), the Special Master shall maintain orderly files consisting of all documents submitted to him by the parties and any of his written orders, findings,

---

**Plaintiffs' Position:** Defendants have requested and fought for the appointment of a Special Master and now they are seeking to limit the scope of his inquiry to their own benefit. If Defendants are sincere in their position that Plaintiffs have falsified or created emails, then there is no reason to limit the special master's ability to conduct a full inquiry in to said issues. Defendants have fought every step of the way to deprive Plaintiffs access to the servers and instead have produced self-serving documents without context or explanation in order to prove their own positions. The special master should be empowered to make inquiries in to and to inspect the actual hardware and documentation, should he choose to do so. Defendants characterize Plaintiffs' stance as attempting to obtain "another bite of the apple" when in reality Plaintiffs' position is that if a Special Master is to be appointed, he should be empowered to fully investigate the issues.

and/or recommendations. The Special Master shall report to the Court as directed. The Special Master shall file any written orders, findings, and/or recommendations with the Court via the Court's Electronic Case Filing ("ECF") system. Such filing shall fulfill the Special Master's duty to serve his order(s) on the parties pursuant to Rule 53(e).

9. Within five days of this Appointment Order, the parties shall coordinate with the Special Master for the purpose of scheduling an initial conference to discuss the particular procedure to be followed in fulfilling his duties and shall furnish the Special Master with copies of any filings, briefs, discovery materials, or other record documents requested by the Special Master.

10. Within twenty-one days of this Appointment Order, the Special Master shall hold the initial conference contemplated in paragraph 9 to discuss the terms of this Order and the procedure for any proceedings requested by the Special Master with respect to the Delegated Issues. The Special Master shall have the authority to extend this deadline in the Special Master's discretion.

11. The Special Master shall proceed with all reasonable diligence to oversee proceedings related to his duties regarding the Delegated Issues. Findings of fact pertaining to the Delegated Issues shall be determined, within the authority of the Special Master under this Order and Rule 53, by the Special Master after such investigation, presentation of evidence, and argument as the Special Master may deem appropriate and upon such schedule as the Special Master shall set, consistent with the rulings of this Court. Within seven days of any such findings, the Special

Master shall prepare and file on the docket a written Report and Recommendation ("R&R") concerning his findings of fact on the Delegated Issues in accordance with Rule 53. Any party may file with the Court an objection to the R&R within thirty days after a copy of the R&R is served. Any party opposing such objection shall file a response thereto within twenty-one days of the filing of the objection, and the objecting party may file its reply within fourteen days. The failure to file a timely objection shall constitute a waiver of any objection.

12. The party filing the objection pursuant to paragraph 11 shall submit with such objection the record necessary for the Court to review the Special Master's R&R including, if necessary, any transcript of proceedings before the Special Master and any documents submitted by the parties in connection with the proceedings that are relevant to the objection.

13. The Special Master's findings of fact with respect to the Delegated Issues will be reviewed *de novo*.

14. The Special Master may have access to trade secrets, proprietary information, and other confidential information in this action including, but not limited to, information which may be subject to the Stipulated Protective Order entered into between the parties and approved by the Court on January 10, 2020. *See* ECF 41. The Special Master shall be bound to the terms of the Stipulated Protective Order. The disclosure of privileged or protected information connected with the litigation to the Special Master shall not be a waiver of privilege or a right of protection in this case and is also not a waiver in any other Federal or State proceeding.

15. The Special Master shall be compensated at his usual and customary rate or other such alternative fee arrangement as agreed to by the parties.

16. The Special Master shall submit monthly an itemized statement of all fees and costs incurred in connection with his appointment. Each monthly invoice shall detail the work performed, the hours spent, and the costs incurred during the corresponding one-month period. Any non-routine expenses must be approved in advance by the parties.

17. **DEFENDANTS' VERSION:** <u>Plaintiffs and Wells Fargo shall be responsible for paying to the Special Master an equal portion of each monthly invoice (Plaintiffs and Wells Fargo shall pay 50% each) within thirty (30) days of receipt of such invoice. Further, any costs incurred related to this Appointment Order, including but not limited to fees for a court reporter, shall be equally split among Plaintiffs (50%) and Wells Fargo (50%).</u> The costs associated with the services of the Special Master *shall not* be considered taxable under 28 U.S.C. § 1920.

**PLAINTIFFS' VERSION**: <u>Defendants shall be responsible for the costs and expenses of the Special Master. Further, any costs incurred related to this Appointment Order, including but not limited to fees for a court reporter, shall be paid by Defendants.</u> The costs associated with the services of the Special Master *shall not* be considered taxable under 28 U.S.C. § 1920.

IT IS SO ORDERED.

Date: _____, 2022

_____
ELI J. RICHARDSON
UNITED STATES DISTRICT JUDGE

Dated: June 30, 2022

Submitted by:

*/s/ Daniel O. Barham*
Scott Raymond Maucere, TN BPR 027407
Daniel O. Barham, TN BPR 034103
Steven G. Fuller
Zachery S. Darnell
BARHAM & MAUCERE LLC
7209 Haley Industrial Dr., Ste 210
Nolensville, TN 37135
Phone: (423) 855-1755
scott@b-m.law
dan@b-m.law
steve@b-m.law
zachery@b-m.law

*Attorneys for Plaintiffs*

*/s/ Jarrod D. Shaw*
Jarrod D. Shaw (*pro hac vice*)
Nellie E. Hestin (*pro hac vice*)
MCGUIREWOODS LLP
Tower Two-Sixty
260 Forbes Avenue, Suite 1800
Pittsburgh, PA 15222
Phone: (412) 667-7909
nhestin@mcguirewoods.com
jshaw@mcguirewoods.com

Woods Drinkwater (BPRN 033838)
NELSON MULLINS RILEY &
SCARBOROUGH, LLP
One Nashville Place, Suite 1100
150 Fourth Avenue North
Nashville, TN 37219
Phone: (615) 664-5339
woods.drinkwater@nelsonmullins.com

*Attorneys for Defendants Wells Fargo Bank, N.A. and Wells Fargo Merchant Services, LLC*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that this document filed through the ECF system on June 30, 2022, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

      Scott Raymond Maucere
Daniel O. Barham
Steven G. Fuller
Zachery S. Darnell
BARHAM & MAUCERE LLC
7209 Haley Industrial Dr., Ste 210
Nolensville, TN 37135
scott@b-m.law
dan@b-m.law
steve@b-m.law
zachery@b-m.law

      */s/ Jarrod Shaw*