IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| VIMALA LLC, d/b/a ALECIA<br>and ALECIA VENKATARAMAN, | ) | |
| | ) | |
| | ) | Case No. 3:19-cv-00513 |
| Plaintiffs, | ) | |
| | ) | Judge Eli J. Richardson |
| v. | ) | Magistrate Judge Jeffery S. Frensley |
| | ) | |
| WELLS FARGO BANK, N.A. and WELLS | ) | JURY DEMAND |
| FARGO MERCHANT SERVICES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER APPOINTING SPECIAL MASTER

By order entered on February 7, 2022 (Doc. No. 177), the Court notified the parties that it intended to appoint a special master pursuant to Fed. R. Civ. P. 53 to address two specific issues articulated in the order (identified below as the "Delegated Issues"), and directed the parties to submit proposals concerning such appointment. In their separate respective responses, Defendants indicated that they did not object to such appointment and offered proposals for such appointment, and Plaintiffs objected to such appointment. (Doc. Nos. 180, 181).[1] The Court overruled Plaintiffs' objection and invited Plaintiffs to submit a proposal for such appointment. (Doc. No. 182). Disappointed though they were in the Court's decision, Plaintiffs did thereafter make certain suggestions regarding such appointment. (Doc. No. 184). Then, on June 9, 2022, the Court held a telephonic conference with the parties regarding the case as a whole and the appointment of a special master in particular. During the conference, the Court directed the parties to file a notice indicating provisions of an order appointing a special master on which they agree and their respective competing proposals on terms of which they do not agree. (Doc. No. 186). The parties

---

[1] Plaintiffs' objection has been and remains preserved.

thereafter made a joint filing (Doc. No. 187), which was notably well-organized and helpful, in compliance with the Court's order.

The Court has considered Plaintiffs' objection to the appointment of a special master, but for reasons it previously has expressed (in the orders at Doc Nos. 177 and 182 and on the June 9 conference call), the Court concludes that such appointment is warranted under Rule 53. The Court likewise has considered the views of the two sides regarding the particular terms to be included in an order appointing a special master, including the points on which they agree (and have jointly proposed specific language) and the points on which they disagree (and have proposed their own respective preferred language).

NOW, THEREFORE, pursuant to Federal Rule of Civil Procedure 53, the Court orders as follows:

1.     Pursuant to Rule 53(a) and (b), and over the continuing objection of Plaintiffs, the Court hereby appoints Scott Cooper as Special Master in the above-captioned case for the limited purposes as set forth herein and finds that he is appropriate to serve in that role.  The Special Master shall forthwith file a declaration confirming that he is aware of no grounds for disqualification pursuant to 28 U.S.C. § 455.

2.     Pursuant to Rule 53(b)(2)(A), the duties of the Special Master shall be to complete factfinding and analysis and oversee related briefing, evidentiary hearings, and/or argument, each as needed in the Special Master's discretion, to determine the following issues outlined in the Court's Order of February 7, 2022 (Doc. No. 177): first, which (if any) of the allegedly fabricated emails raised in Wells Fargo's Motion for Sanctions (Doc. Nos. 125, 126) were fabricated; and, if

so, second, which (if any) of such fabricated emails were fabricated by Plaintiff Venkataraman (hereinafter the "Delegated Issues").[2]

3.    Pursuant to Rule 53(b)(2), the Court hereby directs the Special Master to proceed with all reasonable diligence to perform the duties set forth herein with respect to the Delegated Issues, as well as any additional duties that the Court in its discretion may impose from time to time as necessary by further orders.

4.    The Special Master shall have the authority to take all appropriate measures to perform the assigned duties fairly and efficiently subject to any limitations set forth herein.  When the Special Master issues any order, report, or recommendation on any Delegated Issue, the Special Master shall comply with all the requirements of Rule 53(d), if applicable, respecting the entry of any such order, report, or recommendation.

5.    The Special Master may conduct limited meetings or hearings to perform the duties set forth hereunder. Except as otherwise set forth herein (including the last sentence of footnote 2), consideration of expert evidence shall be limited to review of the opinions, exhibits, and deposition testimony in the record. Oral arguments or evidentiary hearings in front of the Special

---

[2] The Court here has adopted Defendants', rather than Plaintiffs' competing, proposed language for this paragraph. The main difference between the two, which rears its head elsewhere in places where the two sides have proposed different language, is that Plaintiffs propose that the special master have the authority to order additional discovery. The Court certainly understands why Plaintiffs would make this proposal (that is, if the facts as to the Delegated Issues truly are in Plaintiffs' favor), inasmuch as it portends at least the possibility of the special master gathering previously undiscovered information helpful to Plaintiffs. The Court likewise understands why Defendants (even if the facts as to the Delegated Issues are in their favor) would object to this proposal, inasmuch as an organization naturally would tend not to welcome outsiders' intrusions into their electronic systems even if it has nothing to hide.

Ultimately, the Court declines Plaintiffs' proposal because: (1) it runs counter to Plaintiffs' strongly expressed concerns about the high costs of a special master's services (concerns, the Court realizes, that presumably would evaporate if Plaintiffs were guaranteed that they will never be held responsible for such costs); (2) it is in tension with Plaintiffs' request (which is adopted herein by the Court) that paragraph 5 herein containing language that would largely limit consideration of expert evidence to the review of the opinions, exhibits, and deposition testimony in the record; (3) discovery has closed, and the Court did (and does) not mean for the appointment to serve to reopen discovery by whomever may conduct it; and (4) the Court has formed the distinct impression that each side is firmly convinced that the Delegated Issues can and should be decided in its favor based on the existing record, without the need for additional discovery. Nothing herein, however, is intended to prevent the special master from making appropriate inquiries—as opposed to taking additional discovery—as he sees fit to clarify or ascertain the nature, extent, and credibility of what is already in the record, including the content of expert reports.

Master shall be recorded by a court reporter as if the hearing were being held before the Court. At the request of either party, any status conference or meeting with the Special Master may be recorded by a court reporter at such requesting party's cost.

6.     The Special Master may correspond with counsel for the parties jointly through conference calls and written correspondence, including emails and letters, and may, at any time, request additional information or documents from the parties relating to the Delegated Issues including, without limitation, supplemental briefs, letters, position statements, and/or testimony from already disclosed witnesses or experts clarifying or providing additional information about their respective positions.  The Special Master shall further have the authority to order any representative of either party to appear and give testimony at an evidentiary hearing (as opposed to a deposition) concerning any matter he deems relevant to the resolution of the Designated Issues. Notwithstanding this paragraph or the terms of this order ("Appointment Order") generally, and recognizing that discovery (both fact and expert discovery) has closed in this case, the Special Master shall not have the authority to order additional discovery from any party, whether fact or expert, or permit either party to conduct any additional discovery.

7.     The Special Master may, at any time, communicate *ex parte* with the Court for any purpose related to the Delegated Issues.  In particular, if the Special Master identifies any matters that pose particular or unique problems, the Court shall be consulted.  All parties shall be copied on any party's communications with or submissions to the Special Master.  The Special Master may not have *ex parte* communications with the parties.  The following persons are designated as the parties' primary contacts for the Special Master:

      a.   For Plaintiffs:
         Daniel Barham
         BARHAM & MAUCERE LLC
         7209 Haley Industrial Dr., Ste 210

Nolensville, TN 37135
Phone: (615) 490-8888
dan@b-m.law

   b.  For Defendants:
Jarrod D. Shaw
MCGUIREWOODS LLP
Tower Two-Sixty
260 Forbes Avenue, Suite 1800
Pittsburgh, PA 15222
Phone: (412) 667-7907
jshaw@mcguirewoods.com

8.      Pursuant to Rule 53(b)(2)(C), the Special Master shall maintain orderly files consisting of all documents submitted to him by the parties and any of his written orders, findings, and/or recommendations.  The Special Master shall report to the Court as directed.  The Special Master shall file any written orders, findings, and/or recommendations with the Court via the Court's Electronic Case Filing system.  Such filing shall fulfill the Special Master's duty to serve his order(s) on the parties pursuant to Rule 53(e).

9.      Within five days of the entry of this Appointment Order, the parties shall coordinate with the Special Master for the purpose of scheduling an initial conference to discuss the particular procedure to be followed in fulfilling his duties and shall furnish the Special Master with copies of any filings, briefs, discovery materials, or other record documents requested by the Special Master.

10.     Within twenty-one days of this Appointment Order, the Special Master shall hold the initial conference contemplated in paragraph 9 to discuss the terms of this Order and the procedure for any proceedings requested by the Special Master with respect to the Delegated Issues.  The Special Master shall have the authority to extend this deadline in the Special Master's discretion.

11.     The Special Master shall proceed with all reasonable diligence to oversee proceedings related to his duties regarding the Delegated Issues.  Findings of fact pertaining to the Delegated Issues shall be determined, within the authority of the Special Master under this Order and Rule 53, by the Special Master after such investigation, presentation of evidence, and argument as the Special Master may deem appropriate and upon such schedule as the Special Master shall set, consistent with the rulings of this Court.  Within seven days of any such findings, the Special Master shall prepare and file on the docket a written Report and Recommendation ("R&R") concerning his findings of fact on the Delegated Issues in accordance with Rule 53.  Any party may file with the Court an objection to the R&R within thirty days after a copy of the R&R is served.  Any party opposing such objection shall file a response thereto within twenty-one days of the filing of the objection, and the objecting party may file its reply within fourteen days.  The failure to file a timely objection shall constitute a waiver of any objection.

12.     The party filing the objection pursuant to paragraph 11 shall submit with such objection the record necessary for the Court to review the Special Master's R&R including, if necessary, any transcript of proceedings before the Special Master and any documents submitted by the parties in connection with the proceedings that are relevant to the objection.

13.     The Special Master's findings of fact with respect to the Delegated Issues will be reviewed *de novo*.

14.     The Special Master may have access to trade secrets, proprietary information, and other confidential information in this action including, but not limited to, information which may be subject to the Stipulated Protective Order entered into between the parties and approved by the Court on January 10, 2020.  *See* Doc. No. 41.  The Special Master shall be bound to the terms of the Stipulated Protective Order.  The disclosure of privileged or protected information connected

with the litigation to the Special Master shall not be a waiver of privilege or a right of protection in this case and is also not a waiver in any other Federal or State proceeding.

15.     The Special Master shall be compensated at his usual and customary rate or other such alternative fee arrangement as agreed to by the parties.

16.     The Special Master shall submit monthly an itemized statement of all fees and costs incurred in connection with his appointment.  Each monthly invoice shall detail the work performed, the hours spent, and the costs incurred during the corresponding one-month period. Any non-routine expenses must be approved in advance by the parties.

17.     Presumptively, and subject to potential adjustment based on the resolution of the disputed issues and this case as a whole, Plaintiffs shall be responsible for 33.3 percent, and Defendants shall be responsible for 66.7 percent,[3] of (i) the costs and expenses of the Special Master, and (ii) any other costs and expenses related to this Appointment Order, including but not limited to fees for a court reporter. Plaintiffs and Defendants shall be responsible for paying to the Special Master their above-specified respective portion of each monthly invoice within thirty (30) days of receipt of such invoice.  The costs associated with the services of the Special Master shall *not* be considered taxable under 28 U.S.C. § 1920.[4]

---

[3] Not surprisingly, Plaintiffs proposed that all costs and expenses be paid by Defendants, while Defendants proposed a fifty-fifty split of such payment. The Court has made the (inherently inexact and subjective) determination that the ordered one-third/two-thirds split is appropriate. In particular, it is appropriate for Defendants to bear double the burden of Plaintiffs, considering that (i) the Court surely is entitled to presume that Defendants have more resources than do Plaintiffs to pay such costs and expenses; and (ii) Defendants are, to say the least, more acquiescent about the appointment of a special master than are Plaintiffs. But on the other hand, it is appropriate for Plaintiffs to shoulder some significant portion of the costs and expenses, considering that (i) it was Plaintiffs' choice to file this lawsuit and persist in it; (ii) Plaintiffs themselves have indicated that the stakes in this case are tens of millions of dollars and that they are willing to do what it takes to litigate such a high-stakes case; (iii) Plaintiffs, by hiring their own forensic expert, already have shown their willingness and ability to spend substantial resources to address matters like those implicated in the Delegated Issues; and (iv) the Court lacks a basis for concluding that Plaintiffs somehow have exhausted their financial ability to further address such issues.

[4] This last provision runs counter to the view expressed by some courts. *Saum v. Widnall*, 959 F. Supp. 1310, 1311 (D. Colo. 1997) ("The appointment of Special Master Lyons in this case falls within the meaning of § 1920(6), and his compensation is taxable as an item of costs." (citing *Organization for Reform of Marijuana Laws v. Mullen*, 828

IT IS SO ORDERED.

_Eli Richardson_
ELI J. RICHARDSON
UNITED STATES DISTRICT JUDGE

---

F.2d 536, 545–46 (9th Cir.1987)). But since the parties have mutually agreed to this provision, and the Court does not perceive that it plainly conflicts with the statute or case law binding on this Court, the Court has adopted it.