IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| VIMALA LLC, dba ALECIA<br>and<br>ALECIA VENKATARAMAN,<br><br>    Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A. and WELLS<br>FARGO MERCHANT SERVICES, LLC,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)  Case No. 3:19-cv-00513<br>)<br>)  Judge Eli J. Richardson<br>)  Magistrate Judge Jeffery S. Frensley<br>)<br>)  JURY DEMAND<br>)<br>)<br>)<br>) |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO LIMIT AND FOR A PROTECTIVE ORDER**

COME THE PLAINTIFFS, Alecia Venkataraman ("Venkataraman") and Vimala LLC dba Alecia ("Vimala") by and through counsel, and move this court: 1) for an order limiting the Special Master from exceeding the scope of the "Delegated Issues" defined by the Court in its Order Appointing the Special Master (Doc. 188) ("Order"); 2) for an order protecting Plaintiffs from giving testimony to the Special Master until such time as the scope of the topics of the testimony sought are made clear and so that Plaintiffs may have adequate time to prepare for such questioning; and 3) for an order limiting the Special Master from conducting new and additional discovery on areas of inquiry not already a part of the discovery record. In support of their Motion, Plaintiffs state as follows:

I.  BACKGROUND

On August 3, 2022, this Court issued its Order appointing Special Master Scott Cooper (Doc. No. 188). In the Order, the Special Master's duties were limited to determining "which (if any) of the allegedly fabricated emails raised in Wells Fargo's Motion for Sanctions (Doc. Nos. 125, 126) were fabricated; and, if so, second, which (if any) of such fabricated emails were fabricated by Plaintiff Venkataraman…"

Then on August 9, 2022, Special Master- Scott Cooper ("Special Master" or "Cooper"), submitted his Statement of Non-Disqualification (Doc. No. 189). This prompted Plaintiffs to file their Motion to Disqualify Special Master (Doc. No. 191) on August 12, 2022, which was eventually denied (Doc. No. 197).

On August 30, 2022, the parties had their preliminary call with the Special Master to discuss and establish the procedures for providing the relevant pleadings and evidence to the Special Master for his review. During that call, the Special Master specifically requested documents related to Plaintiffs' customer and sales information, which was then provided on September 7, 2022. (Attached hereto as "Exhibit A").

Next on September 21, 2022, the parties and the Special Master attended another call that the Special Master referred to as the "initial call." Following this call, on September 27, 2022, the Special Master sent an email requesting additional information (attached hereto as "Exhibit B"), to which the parties responded. Between October 5, 2022, and October 14, 2022, the parties responded to each of the Special Master's requests. That same day, the Special Master requested additional information and clarification (attached hereto as "Exhibit C") but appeared to be focusing on QuickBooks and sales information which heightened Plaintiffs' concern regarding the

scope of the Special Master's investigation. The Special Master's October 14, 2022, email contained requests for information and clarification for the following topics:

- Who generated the export sales spreadsheets that were provided in "Exhibit A".
- Plaintiffs' Sales Tax returns from 2016 and 2017.
- Copies of the Plaintiffs' sales MySQL databases that contain accounting, orders, sales, and customer transactions for 2016 and 2017.
- Forensic copy of the Plaintiffs' complete backend sales databases.
- A forensic copy of Plaintiffs' QuickBooks account.

These requests were responded to on October 26, 2022 (attached hereto as "Exhibit D") but those responses were subject to multiple objections. The objections were:

> "First, we object that some of your requests appear to exceed the scope of the court's mandate for the special master in its order appointing the special master (Doc. 188) ("Order"). The court appointed the special master for the limited purpose of determining "first, which (if any) of the allegedly fabricated emails raised in Wells Fargo's Motion for Sanctions (Doc. Nos. 125, 126) were fabricated; and, if so, second, which (if any) of such fabricated emails were fabricated by Plaintiff Venkataraman (hereinafter the "Delegated Issues")." (188: 2-3) The requests at hand seek information, that we believe, exceed that limited purpose.
>
> Our second objection is based on the grounds that your requests exceed the discovery that was made and produced by all parties in this case. As indicated below, much of the information requested was not a part of the body of discovery. The Order prohibits additional discovery being carried out ("the Special Master shall not have the authority to order additional discovery from any party, whether fact or expert") (188: 4). We have attempted to notify you in previous responses and submissions when a request exceeds the scope of discovery.
>
> Finally, we object that some of these requests, and ongoing work performed by the special master and his staff regarding the subjects that exceed the scope of the Delegated Issues, create an ongoing and unreasonable financial hardship to Plaintiffs. As already disclosed to the court, the appointment of the special master creates a difficult financial situation for Plaintiffs; additional services performed by the special master in excess of its authority under the Order create additional financial burdens on Plaintiffs."

The Special Master failed to acknowledge or respond to the stated objections but did proceed with scheduling the examination of the Plaintiff(s). During the scheduling emails, Counsel for the Plaintiffs asked clarifying questions in order to ascertain the scope of Plaintiffs' testimony. (Attached hereto as "Exhibit E"). The clarifying questions sought information regarding the subject matter on which the Special Master expected Ms. Venkataraman to testify along with duration, and whether counsel would be permitted to ask questions. The Special Master's response was

> The purpose for this testimony is to help me better understand and get better clarity about some prior testimony that I found (to some degree) either unclear or ambiguous, from those same people. Thus, I do not think any special prep is needed, since I expect to be discussing prior topics, all related and relevant to determining the two Delegated Issues that I have been asked to address.

(Attached hereto as "Exhibit F"). The Special Master provided no specific details in response to Counsel's inquiry. Furthermore, it is Counsel's opinion that it should not be left to the Special Master to determine if the Plaintiff needs to prepare for her testimony.

## II. ARGUMENT

### A. The Special Master has Exceeded his Scope of Authority on Delegated issues

Plaintiffs make a continuing objection that the Special Master's areas of inquiries significantly exceed the scope of the court's mandate for the special master in its Order. (Doc. 188). The Court appointed the Special Master for the limited purpose of determining "first, which (if any) of the allegedly fabricated emails raised in Wells Fargo's Motion for Sanctions (Doc. Nos. 125, 126) were fabricated; and, if so, second, which (if any) of such fabricated emails were fabricated by Plaintiff Venkataraman (hereinafter the "Delegated Issues")." (188: 2-3) While the Order grants the Special Master significant leeway in making inquiries into the Delegated Issues,

4

Case 3:19-cv-00513   Document 199   Filed 11/11/22   Page 4 of 11 PageID #: 6258

the Order does not permit the Special Master to inquire as to matters in the case that are not related or relevant to the Delegated Issues, or to conduct discovery in the case ("the Special Master shall not have the authority to order additional discovery from any party, whether fact or expert") (188: 4). The requests at hand refer to questions regarding subjects that exceed that limited purpose.

Here, specifically, as set forth above in the Background section above, the Special Master has made repeated inquiries into topics that are not relevant to the Delegated Issues. For example, the Special Master has inquired into Plaintiff Vimala LLC's QuickBooks records, including questions regarding who created and maintained reports and other similar topics; the Special Master has even gone as far as to request unlimited access to QuickBooks and its audit trail. The Special Master has also made significant inquiries into subpoena responses made by wholesale vendors that had only very tangential relationships with Plaintiffs early in the life of Vimala. The Special Master has requested to have Brooke Ulrich, a sales representative of one such vendor, Commando, testify in person before him. Ms. Ulrich has not been deposed by either party. The scope of information that Ms. Ulrich will be able to testify to is exceedingly narrow. Ms. Ulrich certainly will not have information remotely relevant to the Delegated Issues.

Additional topics that the Special Master has made inquiries regarding (and spent significant time and billed for) include but are not limited to:

- Sales Data
- Tax Returns
- Plaintiff's Customer Information
- Plaintiff's Non-IT and Non-Technical Experts

These topics of inquiry are not relevant to the Delegated Issues.

Additionally, while it is unclear what the Special Master plans to question Ms. Venkataraman (and, if different, the company representative of Vimala, LLC) about (*See* argument below), the Special Master has indicated that he may make broad and unspecified inquiries into areas regarding vendors, QuickBooks, and other such topics. The Special Master has stated that the Plaintiffs need to be prepared to "give testimony, for topics that have already been introduced in this matter." (Attached hereto as "Exhibit G").

Plaintiffs respectfully request that this Court issue an order limiting the inquiries of the Special Master to matters relevant to the Delegated Issues. Specifically, Plaintiffs request that the Special Master be prohibited from making further inquiries or findings of fact based on Sales Data, tax returns, QuickBooks, or vendors, including Commando and Ms. Ulrich. Plaintiffs further request that the Special Master be prohibited from questioning Ms. Venkataraman or Vimala regarding these topics, and any other topics, that are similarly unrelated to the Delegated Issues.

Additionally, or in the alternative, Plaintiffs respectfully request that the Court clarify to the Special Master and the parties what topics the Special Master may inquire into, and which topics are not reasonably a part of the Delegated Issues.

**B. The Special Master has Failed to Provide Reasonable Notice regarding the Scope of Testimony of Plaintiffs.**

The Special Master has indicated that he plans to take testimony from Plaintiffs on November 17, 2022. While Plaintiffs have no objection to testifying, Plaintiffs object that it is unknown what topics or subject matters the Special Master will ask and have not had adequate time to prepare or appoint a representative to testify as to the particular topics, *especially when the Special Master has indicated that he will examine on topics that exceed his scope of authority*. Plaintiffs have on multiple occasions requested that the Special Master list the topics of inquiry sought by him in the testimony. (*See* Exhibits D&E). However, the Special Master was

nonresponsive regarding the topics of inquiry: "If you take a look at the Court's Order (Docket 188), it provides me with the authority to conduct hearings ("as if the hearing were being held before the Court") and "to order any representative of either party to appear and give testimony" … to any matter that I deem relevant to the resolution of the Designated Issues." (See "Exhibit G").

The scope of this case and its topics are vast and technically complex. Ms. Venkataraman previously testified in this case in depositions in summer 2020 over the course of 2 days and 14 hours. Given the Special Master's stated scope of authority, the topics that he might ask questions regarding are virtually unlimited at this point.

Again, Plaintiffs have no objection to testifying. However, Plaintiffs object and request an order from the Court protecting them from giving testimony until the topics of inquiry are a) limited to topics reasonably related and relevant to the Delegated Issues and b) sufficiently provided by the Special Master to give Plaintiffs adequate chance to prepare. Parties making inquiry under FRCP 30(b)(6) are required to set forth with "reasonable particularity the matters for examination." While the situation is slightly different here, Plaintiffs respectfully propose the same standard be applied here for all Plaintiffs AND Defendants so that each witness will know the scope of his or her expected testimony and can adequately prepare.

As it currently stands, the Special Master has declined to postpone the testimony of Ms. Venkataraman until these issues can be resolved. However, Plaintiffs will need time to review the record in the Case to prepare to give full and accurate testimony. Without knowing the scope of their testimony, it is impossible for Plaintiffs adequately prepare and, in the case of Vimala, to appoint the appropriate representative as necessary. Plaintiffs request an order giving Plaintiffs a

reasonable time to prepare for testimony AFTER knowing the actual scope and topics relevant to the Delegated Issues that may be asked.

### C. The Special Master Should be Prohibited from Conducting Additional Discovery.

Plaintiffs object on the grounds that the Special Master's requests exceed the discovery record that was created and produced by all parties in this Case. As indicated above, some of the information requested was not a part of the body of discovery. The Order prohibits additional discovery being carried out ("the Special Master shall not have the authority to order additional discovery from any party, whether fact or expert") (188: 4).

In particular, Plaintiffs request that this Court limit the Special Master from examining Ms. Ulrich or similarly-situated persons. Her relation to the case is extremely tangential, and no party sought to depose her or to make further discovery. It is not appropriate for the Special Master to now attempt to create new evidence by requiring her to testify.

The Parties are bound by Rule 26 to make inquiries into relevant subject matter and not engage in fishing expeditions. Likewise, the Special Master should not be given unfettered access to any matter of inquiry that is not reasonably calculated to lead to relevant information regarding whether or not Plaintiff Venkataraman fabricated a limited number of emails. The Special Master seems to not be following the mandate of the Court on the Delegated Issues but trying to solve the entire case, which exceeds the scope of the Special Master's authority under the Order. It is not the Special Master's job to solve the case, or to determine whether Ms. Venkataraman is generally credible or not- rather it is **only** to determine whether Ms. Venkataraman fabricated the emails.[1]

---

[1] Indeed, the Federal Rules of Evidence prohibit a fact-finder from using general impressions about the character of a party to determine whether or not that party acted in conformity with that character impression. (FRE 404(a)(1) "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.")

### D. The Special Master Actions Impose an Undue Financial Burden on Plaintiffs.

Thirdly, we object that the ongoing work performed by the Special Master regarding subjects that exceed the scope of the Delegated Issues, creates an ongoing and unreasonable financial hardship to Plaintiffs. Since his appointment in August, the Special Master has billed the parties over $167,000.00. (Invoices attached hereto as "Exhibit H"). As already disclosed to the Court, the appointment of the Special Master creates a difficult financial situation for Plaintiffs; additional services performed by the Special Master in excess of its authority under the Order creates additional financial burdens on Plaintiffs – a burden that is prejudicial on Plaintiffs having to both defend themselves and pay for the Special Master to exceed the scope of his authority.

### III. CONCLUSION

For the reasons stated herein, Plaintiffs now move this Court for an order limiting the Special Master from exceeding the scope of the "Delegated Issues"; 2) protecting Plaintiffs from giving testimony to the Special Master until such time as the scope of the topics of the testimony sought are made clear and so that Plaintiffs may have adequate time to prepare for such questioning; and 3) limiting the Special Master from conducting new and additional discovery on areas of inquiry not already a part of the discovery record.

RESPECTFULLY SUBMITTED this the 11th day of November 2022.

**BARHAM & MAUCERE LLC**

*/s/ Scott Raymond Maucere*
Scott Raymond Maucere, TN BPR 027407
Admitted to Practice in the U.S. District Court for
the Middle District of Tennessee

7209 Haley Industrial Dr, Ste 210  
Nolensville, TN 37135  
Phone: (423) 855-1755  
Attorneys@b-m.law  
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on this day a true and exact copy of the foregoing document has been served on the following counsel by electronic mail and/or CM/ECF to:

Jarrod D. Shaw (*pro hac vice*)
Nellie E. Hestin (*pro hac vice*)
MCGUIREWOODS LLP
Tower Two-Sixty
260 Forbes Avenue, Suite 1800
Pittsburgh, PA 15222
Phone: (412) 667-7909
E-Mail: jshaw@mcguirewoods.com; nhestin@mcguirewoods.com

Scott Cooper
12021 Wilshire Blvd, Ste 770
Los Angeles, CA 90025-1206
E-Mail: scott@pegasussquire.com

And

William W. Drinkwater, Esq.
Nelson, Mullings, Riley & Scarborough, LLP
150 Fourth Ave, N
Suite 1100
Nashville, TN 37219
woods.drinkwater@nelsonmullins.com

*Attorneys for Defendants Wells Fargo Bank,*
*N.A. and Wells Fargo Merchant Services, LLC*

This the 11th day of November 2022

**BARHAM & MAUCERE LLC**

*/s/ Scott Raymond Maucere*