**Sarah Cofer**

| | |
|---|---|
| **From:** | Daniel Barham |
| **Sent:** | Wednesday, September 28, 2022 10:06 AM |
| **To:** | Zachery Darnell; Scott Maucere; Kelly Agee; Steve Fuller |
| **Cc:** | Sarah Cofer |
| **Subject:** | Fw: pSmalto - documents, data, and testimony |

███████████████

███████████████
Licensed in IL, MA, MN, OH, TN, & Wisconsin only
dan@b-m.law
b-m.law

Barham & Maucere LLC
7209 Haley Industrial Dr., Ste 110
Nolensville, TN 37135
O  +1 740.689.9828
TF +1 844.227.4261
M  +1 615.415.8087

Ohio Office
123 South Broad St, Ste 305
Lancaster, OH 43130

PRIVATE AND CONFIDENTIAL

This e-mail message contains privileged and confidential information intended only for the use of the intended recipient(s). Any review, use, disclosure or distribution by persons or entities other than the intended recipient(s) is prohibited. If you are not an intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message and attachment(s). Unless an express agreement has been reached between you and Barham & Maucere LLC regarding the specific terms of engagement, no attorney/client relationship is created by virtue of this message, its contents, or any enclosures, and you may not rely upon this message for any purpose, including for the purpose of obtaining legal advice. Barham & Maucere LLC disclaims liability for losses or damage resulting from viruses or other defects in connection with this e-mail. PUSHTOSTART is a product of Barham & Maucere LLC

CONSUMER NOTICE PURSUANT TO 15 U.S.C. SECTION 1692(G). Barham & Maucere LLC is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. This letter is from a debt collector. Unless you notify this office within thirty days after the receipt of this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within the thirty-day period that the debt or any portion thereof is disputed, this office will obtain verification of the debt or obtain a copy of a judgment against you, and a copy of such verification or judgment will be mailed to you. Upon your written request within the thirty-day period, this office will provide you with the name and address of the original creditor, if different from the current creditor.

---

**From:** scott <scott@pegasussquire.com>
**Sent:** Tuesday, September 27, 2022 7:46 PM
**To:** Daniel Barham <dan@b-m.law>; Shaw, Jarrod D. <JShaw@mcguirewoods.com>; Hestin, Nellie E. <NHestin@mcguirewoods.com>
**Cc:** pSmalto <psmalto@pegasussquire.com>
**Subject:** pSmalto - documents, data, and testimony

Good evening Mr. Barham, Mr. Shaw, and Ms. Hestin,

As we discussed in our "initial call" last week, to help me get a better understanding of, and better clarity regarding, the Delegated Issues, there are some other documents, data, and testimony that I would like to receive.

a. Regarding documents and info:
  1. Discovery requests (and responses) from both parties. [And, to be clear, when I say "responses", I am asking for the pleading-type (i.e. "objection"/answer/reply/response) documents, and not the actual produced items.]
  2. Existing Depos/Decs from campaign vendors (i.e. Hydra, ICSP, Pizza Cvone/Cone, etc., [other than the Ex. 31 Brooke Ulbrich/Commando dec])
  3. Who generated the 3 "summary"/"recap"/"export" sales spreadsheets (i.e. "sales…9102.xlsx", …1222, …1622) that were provided to me recently?
  4. Sales Tax returns for Plaintiffs 2016 and 2017 operations
  5. List of (or copies of) the emails that Plaintiff Counsel received as a result of Ms. Venkataraman forwarding to herself, as Mr. Darnell referenced in our 8/30 "preliminary" call
  6. Description (including excerpts from existing documents/testimony) that further discusses the timing and process of Ms. Venkataraman (and/or her companies) switching email service providers, as Mr. Darnell referenced in our 8/30 "preliminary" call
  7. Description (including excerpts from existing documents/testimony) that further discusses the creation (or finding) of the ".OLK" files that contained emails that were produced in this matter, as Mr. Darnell referenced in our 8/30 "preliminary" call.

b. Regarding data:
  1. Emails produced by Plaintiffs, including communications w/ campaign "vendors" and/or campaign customers, other than the 69 emails already produced to us
  2. Emails produced by Defendants, other than the 69 already produced to us
  3. A forensic copy of the 4 Gmail accounts as Mark Lanterman collected (as described in his depo)
  4. A (preferably forensic) copy of any of the MySql databases that contains the actual accounting/orders/sales transactions, for customer/order transactions that may have begun in late 2016, going forward through at least 2017
  5. A (preferably forensic) copy of the complete sales system (the "back end" system/database?) that contains the complete sales transactions
  6. A forensic copy of the QuickBooks system
  7. A forensic copy of the NAS* (as described in Ms. Venakataraman's depo)
  8. A forensic copy of the server* (as described in Ms. Venakataraman's depo)
  9. A forensic copy of her computer/laptop* (as described in Ms. Venakataraman's depo)
  ( * If a forensic copy does not already exist, if it is easier for the parties, we are willing to take brief custody of the corresponding device and make a forensic copy now.)

c. Regarding testimony (in the following order):
  1. Alecia Venkataraman
  2. Alecia / Vimala pmk(s) re accounting database (QuickBooks?) and also sales database ("back end"?)
  3. Brooke Ulbrich (Commando)
  4. Janet Elliott (WF)
  5. Mark Lanterman (CFS)
  6. Erik Hammerquist (FTI)

I believe that I'd like to receive the items above in that order (i.e. first A, then B, then C items). And, depending on the A and B items, and my requested sequencing of the C items, it is possible that some of the later C items may not be necessary.

In terms of timing in general, I would like to take the testimony of the (C) people after I've received and reviewed the (A) and (B) items, so the scheduling of the (C) people is likely at least a few weeks away. As far as the rest of the items, can we construct a schedule as follows:

- (A) 1 through 4 by Mon 10/3,
- (A) 5 through 7 by Wed 10/5,
- (B) 1 through 3 by Fri 10/7,
- (B) 4 through 9 by Mon 10/10,

--- --- ---

In terms of logistics, to date, it appears to me that both parties have been successfully working cooperatively and collaboratively to respond to my requests (and I recognize and appreciate that). For the requests above, and for any additional requests going forward, I'd like to suggest using the following mechanism as the default:

- The parties will confer briefly, and work towards agreeing on what to respond with, and are also then welcome to respond in two parts: a) what they agree on, and b) what they would like to respond with individually (that could not easily be agreed upon). (Implicitly, if there is nothing they agree on, then their individual responses [including likely duplications] will be the result.)

The above is meant to simplify the efforts of the parties, and to reduce any duplication of results that may otherwise occur. However, to the extent that the process described above is unnecessarily burdensome, please let me know timely, and we can use a different approach.

Thank you in advance.


With best regards,

-scott.