| | |
|---|---|
| **From:** | scott |
| **To:** | Daniel Barham; Hestin, Nellie E.; Shaw, Jarrod D.; Zachery Darnell; Scott Maucere |
| **Cc:** | pSmalto |
| **Subject:** | RE: pSmalto - testimony logistics for Zoom hearing Thursday November 17, 1230p-330p PT (230p-530p CT) |
| **Date:** | Tuesday, November 8, 2022 5:11:13 PM |
| **Attachments:** | image004.png |
| | image005.png |

Hello Mr. Barham,

Thank you for your email.

If you take a look at the Court's Order (Docket 188), it provides me with the authority to conduct hearings ("as if the hearing were being held before the Court") and "to order any representative of either party to appear and give testimony" … to any matter that I deem relevant to the resolution of the Designated Issues.

As I have written in several prior emails, I have deemed relevant my desire to take some testimony to help me better understand and clarify some topics that I have found previously ambiguous as already presented.

Thus, I am expecting that you will have your client / Plaintiff / Ms. Venkataraman, be in attendance (and be prepared to give testimony, for topics that have already been introduced in this matter) at the Zoom hearing now scheduled for Thursday November 17 (that you have already indicated that Ms. Venkataraman is available for), now scheduled from 1230p – 330p PT (230-530p CT).

Lastly, I have spoken with the Court, and the Court is in agreement with this procedure.

Thank you.


With best regards,

-scott cooper, special master



*Scott Cooper,* CMC / CECI / Principal

**Pegasus Squire, Inc.** ( E-Discovery Unrivaled - - Strategy, E-Discovery, Computer Forensics, and Expert Testimony - - Celebrating our 5th decade) / (866) 208-6637

The CMC (Certified Management Consultant) mark is awarded by the Institute of Management Consultants USA to fewer than 1% of all consultants, and represents evidence of the highest standards of consulting, performance, and dedication; as well as strict adherence to the ethical canons of the profession. For more information go to: www.IMCusa.org

The CECI (Certified Expert in Cyber Investigations) mark has been awarded by the McAfee Institute to fewer than 200 cyber professionals in the United States (out of the more than 18,000 that have enrolled in their courses, from over 2,200 domestic and international companies and law enforcement agencies). The CECI Board Certification Program combines the curriculum from 6 different board certifications, which creates the industry's most elite cyber investigators that are trained in advanced and state-of-the-art methodologies to identify, investigate, and resolve cybercrimes. For more information go to: www.McAfeeInstitute.com

Confidentiality Notice:
This email and any attachments are intended as confidential and protected by legal privilege, including the work-product doctrine. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the e-mail or any attachment is prohibited. If you have received this email in error, please notify us immediately by replying to the sender and then delete this copy and the reply from your system. Thank you for your cooperation. (dt.xc) ( www.PegasusSquire.com )
.

**From:** Daniel Barham <dan@b-m.law>
**Sent:** Monday, November 7, 2022 10:05 AM
**To:** scott <scott@pegasussquire.com>; Hestin, Nellie E. <NHestin@mcguirewoods.com>; Shaw, Jarrod D. <JShaw@mcguirewoods.com>; Zachery Darnell <zachery@b-m.law>; Scott Maucere <scott@b-m.law>
**Cc:** pSmalto <psmalto@pegasussquire.com>
**Subject:** RE: pSmalto - testimony logistics

(Forgive any formatting or grammatical errors as I am dictating this email.)
Mr. Cooper,
As things stand, Plaintiffs do have continuing objections to you proceeding with the questioning of Ms. Venkataraman and Ms. Ulrich, especially without certification on how such a broad ranging inquiry pertains to, and is constrained to, the parameters of the Order and the very narrow delegated issues. While the issue of having Ms. Venkataraman testify about QuickBooks may seem relatively benign, it cannot possibly be relevant to the delegated issues. As for your examination of Ms. Ulrich, a potential third-party witness at trial who was not in deposed in discovery, it effectively extends discovery - something that the Order specifically rejected. Furthermore, it would seem to operate to the prejudice of Plaintiffs to do so. This is why I agree with you that we should bring the scope of examination, the topics for examination, and the question of which persons are to be examined before Judge Richardson to let him decide whether these proposed inquiries may exceed the scope of the delegated issues.

Daniel O. Barham, Esq.

**From:** scott <scott@pegasussquire.com>
**Sent:** Thursday, November 3, 2022 3:19 PM
**To:** Daniel Barham <dan@b-m.law>; Hestin, Nellie E. <NHestin@mcguirewoods.com>; Shaw, Jarrod D. <JShaw@mcguirewoods.com>; Zachery Darnell <zachery@b-m.law>
**Cc:** pSmalto <psmalto@pegasussquire.com>
**Subject:** pSmalto - testimony logistics

Hello Mr. Barham,

Thank you for your email.

The topics that I see in your email are as follows:

1. Availability date for Ms. Venkataraman
2. Hearing logistics re attorneys' questions & supplemental comments
3. Hearing logistics re court reporter
4. Relevance of QB data

My responses are as follows:

1. Availability date for Ms. Venkataraman
   - Nov 17 works for me. I'd like to suggest/request 12a-3p PT, and will send out a Zoom invitation. (Since I do not know what time zone everyone will be in, I am OK with sliding the start time back up to 2 hours, to allow for lunch, if the parties would prefer. If so, pls LMK by Monday noon.) As far as prep, for all of the hearings, if the participating individual is not familiar with their prior testimony (whether by declaration, deposition, or other such court-filed documents), then I suppose that would be the needed prep - - to re-familiarize themselves with the prior record.

2. Hearing logistics re attorneys' questions & supplemental comments
   - As I mentioned, the purpose of these hearings is for me to get additional clarity on testimony/etc. that was unclear to me. Given that, I am not envisioning supplemental attorneys' (or parties') involvement.

3. Hearing logistics re court reporter
   - Yes, I request that the parties make those arrangements.

4. Relevance of QB (and Ms. Ulbrich, and others) data
   - I will not be exceeding the scope of the order, and am focused on simply getting clarity on already-provided (but ambiguous) information. Re: your specific question - - QB has been discussed and referenced in existing testimony and data (including emails), and I find some ambiguities there, that I feel the need to better understand and inquire about.

   ***  ***  ***

Mr. Barham, if the answers above continue to give you pause (and I'm assuming/hoping they won't), please LMK by Monday noon, and I will address them with Judge Richardson and then get input from the Court.

Thanks again,

With best regards,

-scott.

**From:** Daniel Barham <dan@b-m.law>
**Sent:** Thursday, November 3, 2022 12:28 PM
**To:** scott <scott@pegasussquire.com>; Hestin, Nellie E. <NHestin@mcguirewoods.com>; Shaw, Jarrod D. <JShaw@mcguirewoods.com>; Zachery Darnell <zachery@b-m.law>
**Cc:** pSmalto <psmalto@pegasussquire.com>
**Subject:** RE: pSmalto - testimony schedule (rr)
**Importance:** High

Mr. Cooper,

I appreciate your response, but we require some additional clarification. While I understand that you do not believe special preparation is needed, we do. Please remember that both parties are not only participating in your review of the Delegated Issues, but they (and their counsel) also have other duties, obligations, and priorities in the larger litigation. Most basically, counsel for both sides have the obligation to prepare their clients for any hearing, deposition, or examination so that their recollections may be refreshed, because their testimony may be used in future proceedings, etc. As such, we still require clarification on several things.  First, you have stated "… I expect to be having these testimony hearings for me to primarily ask questions to help me get some clarifying information to better understand those topics that I feel I need clarifications on, as opposed to having counsel conduct the questioning." Unless you tell me otherwise, I will understand this to mean that under no circumstances will attorneys be able to question any witnesses or experts.

Second, we need clarification on why you believe consideration of the QuickBooks information or examination Ms. Ulbrich to be relevant or permitted by the Order.  Meaning, how do they relate to "first, which (if any) of the allegedly fabricated emails raised in Wells Fargo's Motion for Sanctions (Doc. Nos. 125, 126) were fabricated; and, if so, second, which (if any) of such fabricated emails were fabricated by Plaintiff Venkataraman."  Respectfully, we see no relationship between them. This gives us pause because, without providing the parties with defined topics that will be the subject of your examinations of each person, there is a high likelihood of exceeding the scope of the Delegated Issues and actually taking additional discovery. That, in turn, cuts against the Court's observations and directives in Footnote 2 of its Order at 188, and in particular - *(4) the Court has formed the distinct impression that each side is firmly convinced that the Delegated Issues can and should be decided in its favor based on the existing record, without the need for additional discovery. Nothing herein, however, is intended to prevent the special master from making appropriate inquiries—**as opposed to taking additional discovery**—as he sees fit to clarify or ascertain the nature, extent, and credibility of what is already in the record, including the content of expert reports.*

Third, our perspective on the court reporter requirement is that it is the Special Master's duty to coordinate a court reporter for any testimony, hearings, etc. However, if you request, we will coordinate with Wells Fargo's counsel to make those arrangements.

Finally, Ms. Venkataraman can be available on 10/17.  Please suggest time blocks that work best for you. Respectfully, Plaintiff's position is that Ms. Venkataraman should be granted the option to address (either in writing or orally) the statements made by persons you examine after those examinations have concluded. You have indicated you will take a different approach depending on how each hearing goes.  Please clarify whether Plaintiffs will be able to provide supplemental written briefs or testimony.

Thank you,

**Daniel O. Barham, Esq.**
Licensed in IL, MA, MN, OH, TN, & WI only
dan@b-m.law
b-m.law

Barham & Maucere LLC
7209 Haley Industrial Dr., Ste 210
Nolensville, TN 37135
Office  +1 615.490.8888
Mobile  +1 615.415.8087
Fax +1 615.490.8733

Ohio Office
123 South Broad St, Ste 305
Lancaster, OH 43130
Office + 1 740.689.9828

PRIVATE AND CONFIDENTIAL

This law firm may be deemed a debt collector under the Fair Debt Collection Practices Act (FDCPA), and, as such, may be required to inform you that this is an attempt to collect a debt, and any information provided will be used for that purpose.

**From:** scott <scott@pegasussquire.com>
**Sent:** Tuesday, November 1, 2022 2:43 PM
**To:** Daniel Barham <dan@b-m.law>; Hestin, Nellie E. <NHestin@mcguirewoods.com>; Shaw, Jarrod D. <JShaw@mcguirewoods.com>; Zachery Darnell <zachery@b-m.law>
**Cc:** pSmalto <psmalto@pegasussquire.com>
**Subject:** RE: pSmalto - testimony schedule (rr)

Hello Mr. Barham,

Thank you for your email.  As far as your questions:

Re: funds - - "Forthcoming" is good to hear.

Re: hearing testimony - - I thought I had responded to Ms. Hestin's question about content, but I cannot find that email, so I will give everyone the

same answer, which is:

- The purpose for this testimony is to help me better understand and get better clarity about some prior testimony that I found (to some degree) either unclear or ambiguous, from those same people. Thus I do not think any special prep is needed, since I expect to be discussing prior topics, all related and relevant to determining the two Delegated Issues that I have been asked to address. (If, at some point, I believe that additional prep is needed, I will let you know.)

- And, yes, I expect that to occur via Zoom, with a court reporter present (which I expect the parties will coordinate the logistics for). (I think I did write about this before, which is that) I expect to be having these testimony hearings for me to primarily ask questions to help me get some clarifying information to better understand those topics that I feel I need clarifications on, as opposed to having counsel conduct the questioning.

Re: length of time - - For most of the other people, I'd think the time would be no more than an hour. But, for Ms. Venkataraman, especially since she has expressed a desire to speak with me, I'd think we'd be done in an hour or two, but should probably schedule it as 3 hours, in case her comments are longer than I anticipate.

- For Ms. Venkataraman, and with any/all other hearings, I expect that my first question will be to understand any topics that they believe I should hear. As far as "supplemental testimony", I hadn't planned on that. Remember, this isn't open-ended testimony, but simply giving me an opportunity to get better clarity on already-discussed topics. However, that being said, I'm not ruling it out at this point - - I just don't know, but I expect that how each hearing goes will dictate if any supplemental testimony is needed.

And, thank you for checking on her availability for the week of the 15th. Consistent with the Court's order "to proceed with all reasonable diligence", and because of some of the extensions that have occurred to date, I'd hope that Ms. Venkataraman can be available either on the (preferably) 15th or the 16th.

Thank you.

With best regards,

-scott.

---

**From:** Daniel Barham <dan@b-m.law>
**Sent:** Tuesday, November 1, 2022 8:20 AM
**To:** scott <scott@pegasussquire.com>; Hestin, Nellie E. <NHestin@mcguirewoods.com>; Shaw, Jarrod D. <JShaw@mcguirewoods.com>; Zachery Darnell <zachery@b-m.law>
**Cc:** pSmalto <psmalto@pegasussquire.com>
**Subject:** RE: pSmalto - testimony schedule (rr)

Thank you for your email. We have been diligently working with Ms. Venkataraman regarding your requests. First, I can report that Ms. Venkataraman has sought to borrow funds to pay your invoices, and we understand that funds are forthcoming.

As for her testimony/discussions with you, we'd like to better understand the scope, topics, and nature of the testimony. Like Ms. Hestin requested, we too would appreciate guidance on the subject matter or areas on which you would expect her to testify. Given our stated objections to certain of your requests and anticipated consideration of QuickBooks data, potential examination of Ms. Ulbrich, and other seemingly peripheral information, we would appreciate some clarity of how you connect that information (and any of Ms. Venkataraman's testimony on the same) with the very narrow determinations required of the Delegated Issues.

Further, I expect you wish to conduct the examination via Zoom with a court reporter present. Please confirm that. We are asking Ms. Venkataraman to provide dates and times during the week of the 15th when she can be available. I expect she'll ask how long she should expect the examination to run (so she can arrange child care). What do you expect in terms of time? Finally, how do you intend to conduct the questioning? For instance, will you simply ask her questions or will you expect or allow the attorneys to participate in the examination? Will she be asked or permitted to offer a statement in opening or closing? After you examine other persons, will Ms. Venkataraman be asked or permitted to give supplemental testimony?

Thank you.

**Daniel O. Barham, Esq.**

---

**From:** scott <scott@pegasussquire.com>
**Sent:** Monday, October 31, 2022 5:01 PM
**To:** Hestin, Nellie E. <NHestin@mcguirewoods.com>; Daniel Barham <dan@b-m.law>; Shaw, Jarrod D. <JShaw@mcguirewoods.com>; Zachery Darnell <zachery@b-m.law>
**Cc:** pSmalto <psmalto@pegasussquire.com>
**Subject:** RE: pSmalto - testimony schedule (rr)

Hello Mr. Barham,

I have not heard back from you or your team regarding either of my two emails from ==last week== regarding testimony schedule.

I understand that Ms. Venkataraman wants to speak with me, and I'd like that to happen. So, can she be available starting on Tuesday Nov 15?

Thank you,

With best regards,

-scott.

---

**From:** scott
**Sent:** ==Friday, October 28==, 2022 1:34 PM
**To:** 'Hestin, Nellie E.' <NHestin@mcguirewoods.com>; Daniel Barham <dan@b-m.law>; Shaw, Jarrod D. <JShaw@mcguirewoods.com>
**Cc:** pSmalto <psmalto@pegasussquire.com>
**Subject:** RE: pSmalto - testimony schedule

Ms. Hestin, thank you for your prompt attention and response. (FYI, I am not available on Monday the 14th, but am available on the 15th and after.)

==Mr. Barham==, are you able to make dates starting November 15 work?

LMK.

Thank you,

With best regards,

-scott.

---

**From:** Hestin, Nellie E. <NHestin@mcguirewoods.com>
**Sent:** Friday, October 28, 2022 9:25 AM
**To:** scott <scott@pegasussquire.com>; Daniel Barham <dan@b-m.law>; Shaw, Jarrod D. <JShaw@mcguirewoods.com>
**Cc:** pSmalto <psmalto@pegasussquire.com>
**Subject:** RE: pSmalto - testimony schedule

Mr. Cooper,

With respect to the timing for scheduling testimony, Defense counsel respectfully requests that we look at dates beginning the week of November 14. Jarrod along with other members of our team are in a jury trial at present and will be through at least the middle of next week, and we do not believe it will be feasible for us to have testimony the week of November 7. We are glad to begin to look for dates starting November 14th and later.

In addition, with respect to Ms. Elliott, we note that she provided testimony not in her individual capacity but rather as a corporate designee for Wells Fargo on particular topics requested by Plaintiffs (among many other topics they requested, for which other witnesses were designated). If possible, we would appreciate guidance on the subject matter or areas on which you would expect her to testify so that we can ensure she is adequately prepared or, if needed, offer an alternative representative to testify.

Thank you and best regards,
Nellie

**Nellie E. Hestin**
Partner
McGuireWoods LLP
T: +1 412 667 7909 | M: +1 412 736 8148
nhestin@mcguirewoods.com

---

**From:** scott <scott@pegasussquire.com>
**Sent:** Thursday, ==October 27==, 2022 5:55 PM
**To:** Daniel Barham <dan@b-m.law>; Shaw, Jarrod D. <JShaw@mcguirewoods.com>; Hestin, Nellie E. <NHestin@mcguirewoods.com>

**Cc:** pSmalto <psmalto@pegasussquire.com>
**Subject:** pSmalto - testimony schedule

**EXTERNAL EMAIL;; use caution with links and attachments**

Hello Mr. Barham & Mr. Shaw,

As I wrote in my Sept 27 email (see below), the third piece of clarifying info that I would like to receive is to get some testimony from the following people:

   c.  *Regarding testimony (in the following order):*
1. *Alecia Venkataraman*
2. *Alecia / Vimala pmk(s) re accounting database (QuickBooks?) and also sales database ("back end"?)*
3. *Brooke Ulbrich (Commando)*
4. *Janet Elliott (WF)*
5. *Mark Lanterman (CFS)*
6. *Erik Hammerquist (FTI)*

     I believe that I'd like to receive the items above in that order (i.e. first A, then B, then C items). And, depending on the A and B items, and my requested sequencing of the C items, it is possible that some of the later C items may not be necessary.

Per Mr. Darnell's recent answers regarding the 3 sales spreadsheets that we were provided, I understand that he is representing that Plaintiff does not have access to either the e-commerce or back-end systems that generated the CSV files that were the basis for the 3 sales spreadsheets, and that Plaintiff does not know who caused the generation of those CSV files (either in part or in whole), nor does Plaintiff have those CSV files, then it would seem that the related PMK would be someone from the Vaden Group.

How quickly (preferably in the next 10 days, i.e. no later than the week of Nov 7) can we schedule some testimony from Ms. Venkataraman? Then, after that, for the PMK/Vaden, and then (3) and (4)? As we get through those 4, we will determine if testimony from the 2 experts is needed.

Thank you.

With best regards,

-scott.

---

*This e-mail from McGuireWoods may contain confidential or privileged information. If you are not the intended recipient, please advise by return e-mail and delete immediately without reading or forwarding to others.*