IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| VIMALA LLC, d/b/a ALECIA et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | NO. 3:19-cv-00513 |
| v. ) | |
| ) | JUDGE RICHARDSON |
| WELLS FARGO BANK, N.A. et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiffs have filed a "Joint Stipulation of Voluntary Dismissal of Plaintiffs' Claims with Prejudice" (Doc. No. 202, "Stipulation"), which was signed by counsel for all parties. The Stipulation, though mistakenly citing "Civ. R. Proc. 41(a)(1)(ii)" due to what appear to be typographical errors, clearly was intended to (and in substance does) constitute a joint stipulation of dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). Under Fed. R. Civ. P. 41(a)(1)(A)(ii), the Stipulation suffices to dismiss this action without any action on the part of the Court. Because the parties have stated that the dismissal is with prejudice the dismissal in fact is with prejudice.

As the parties state, "th[e] [S]tipulation [effects] a full resolution of any claims in this action, substantive or procedural, between them." (Doc. No. 202 at 1). But that does not necessarily mean that matters are fully resolved as between each respective side and the Special Master. In particular, the Court understands that the Special Master's fees may remain unpaid to some extent. The Special Master shall have the prerogative to move the Court for an order: (a) requiring one side or the other to pay its share of the Special Master's fees to the extent such portion remains unpaid despite repeated demands for payment by the Special Master; or (b) requiring one side or the other to show cause why it should not be held in contempt of this Court's order appointing the Special Master, which

makes each side responsible for payment of its respective share of each of the Special Master's invoices within thirty (30) days of receipt of such invoice.[1]

Accordingly, the Court acknowledges that this action has been **DISMISSED** with prejudice, and the Clerk is directed to close the file, subject to the matter being reopened for the specific and limited purpose of resolving any motion made by the Special Master in accordance with the prior paragraph.

All currently pending motions are **DENIED** as moot.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[1] The Court currently takes no position on whether such a motion, if one ultimately were in fact made by the Special Master, would be procedurally and substantively meritorious. The Court notes, however, that such motions have been granted by other district courts. See, e.*g.*, *Spirit Com. Auto Risk Retention Grp. v. Shreve*, No. 5:18CV31, 2019 WL 3947916, at *1 (N.D.W. Va. Aug. 21, 2019) (granting "the Special Master's motion for an order requiring plaintiffs . . . to pay the plaintiffs' portion of the Special Master's fees"); *Shelter Prod., Inc. v. 296 Southlake, Ltd.*, No. 4:17-CV-90-JRG, 2018 WL 1443781, at *3 (E.D. Tex. Mar. 23, 2018) (granting the special master's motion for fees and "order[ing] that each party shall pay half of the total fees requested to the Special Master, and such payment shall be made by each party within thirty (30) days of this Order"). Additionally, the Court emphasizes its firm expectation that each side pay its share of the Special Master's fees. Regarding Plaintiffs in particular, the Court notes that they were the ones who invoked this Court's jurisdiction seeking adjudication of their claims (whereby they sought more than a quarter-billion dollars in damages), and the Court made clear that, in order for the Court to adjudicate this case as requested by Plaintiffs, the Special Master's work would need to be completed and paid for. Thus, although Plaintiffs objected to the appointment of the Special Master, this objection was in tension with the reality that (for reasons the Court trusts it need not reiterate here) the appointment (and payment) of the Special Master was necessary for Plaintiffs to achieve their stated goal having their claims adjudicated by this Court.