IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| VIMALA LLC, dba ALECIA et al., <br><br> Plaintiffs <br><br> v. <br><br> WELLS FARGO BANK, N.A. et al., <br><br> Defendants. | No. 3:19-cv-0513 <br><br> Judge Eli J. Richardson <br> Magistrate Judge Jeffery S. Frensley |

## BARHAM & MAUCERE LLC'S MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFFS

Now comes Barham & Maucere LLC ("Counsel"), for the firm and its attorneys appearing in this action, and files this brief memorandum supporting its Motion to Withdraw. While the Local Rule requires a motion and certification of notice to the affected party, but additional context may be beneficial to the Court in ruling on Counsel's motion.

Plaintiffs sought and received a stipulation from Defendants to dismiss the action with prejudice and the same was filed. On December 20th, the Court adopted the stipulation of the parties dismissing this action with prejudice. (Doc. No. 203), subject to reopening for the limited purpose of addressing unpaid fees to the Special Master. Thereafter, the Special Master directed Counsel to respond with Plaintiffs' payment or arrangements for payment of his invoices. Although Counsel has consistently made clear to Plaintiffs their obligation to pay these invoices and suggested that Plaintiffs at least offer to make some payment arrangements, Plaintiffs continuing response has been that she and Vimala have no money to make such payments. These discussions culminated in Plaintiffs termination of Counsel as their attorneys in this action. See Exhibit A.

1

Although LR 83.01(g) requires attorneys to give fourteen (14) days to affected parties before filing a motion to withdraw, Counsel asks the Court to waive this requirement under the circumstances. First, Plaintiffs have terminated Counsel. Under the Tennessee Rules of Professional Conduct, the default rule is that a lawyer shall not represent a client when the lawyer is discharged (Rule 1.16(a)(3). Counsel acknowledges that the rule continues to provide that it shall continue the representation if ordered to do so by a tribunal, but some courts have frowned on compelling counsel to continue representation of a client when there has been a termination of that representation by the client. See *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 135 (1st Cir. 1985); see also, *McDonnell v. Tabah,* 297 F.2d 731, 733 (2d Cir.1961); s*ee also Washington v. Sherwin Real Estate, Inc.,* 694 F.2d at 1088; *Fluhr v. Roberts,* 463 F.Supp. 745, 747 (W.D.Ky.1979); *Potts v. Mitchell,* 410 F.Supp. 1278, 1281 (W.D.N.C.1976).

Counsel's continued representation would be arduous, would benefit no one, and would prejudice Counsel and Plaintiffs given the present circumstances. Those circumstances largely involve the recent filings of the Special Master which levy serious accusations against Counsel and its attorneys and seek a contempt citation against Counsel. A review of the accusations clearly puts Counsel (if required to continue representing Plaintiffs) in the impossible position of defending against the Special Master's accusations *and* representing Plaintiffs' best interests. As such, denial of this Motion would place Counsel in an unethical position and Plaintiffs in a prejudiced position.

For these reasons, Counsel seeks an order granting its motion to withdraw as counsel for Plaintiffs. Counsel requests the Court to stay all motions and proceedings (which may arise as a result of the Special Master's pleadings) for a period of sixty (60) days so Plaintiffs may have time to arrange for new counsel to respond to the Special Master's pleadings.

Respectfully Submitted,

*/s/ Daniel O. Barham*
Daniel O. Barham, TN BPR 034103
Scott Raymond Maucere, TN BPR 027407
Zachery S. Darnell, TN BPR 035914
Steven G. Fuller, TN BPR 023267
Admitted to Practice in the U.S. District
Court for the Middle District of Tennessee
BARHAM & MAUCERE LLC
7209 Haley Industrial Dr, Ste 210
Nolensville, TN 37135
Phone: (423) 855-1755
Attorneys@b-m.law
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that on this day a true and exact copy of the foregoing document has been served on the following counsel by electronic mail and/or CM/ECF to:

William W. Drinkwater, Esq.
Nelson, Mullings, Riley & Scarborough, LLP
150 Fourth Ave, N
Suite 1100
Nashville, TN 37219
woods.drinkwater@nelsonmullins.com
*Attorneys for Defendants Wells Fargo Bank,*
*N.A. and Wells Fargo Merchant Services, LLC*

Jarrod D. Shaw (*pro hac vice*)
Nellie E. Hestin (*pro hac vice*)
MCGUIREWOODS LLP
Tower Two-Sixty
260 Forbes Avenue, Suite 1800
Pittsburgh, PA 15222
Phone: (412) 667-7909
E-Mail: nhestin@mcguirewoods.com jshaw@mcguirewoods.com
*Attorneys for Defendants Wells Fargo Bank,*
*N.A. and Wells Fargo Merchant Services, LLC*

Alecia Venkataraman
Vimala, LLC
PO Box 8752
Longboat Key, FL 34228
aleciavimala@gmail.com
Plaintiffs

Scott Cooper
Pegasus Squire, Inc.
12021 Wilshire Blvd., Ste 770
Los Angeles, CA 90025-1206
scott@pegasussquire.com

This the 23rd day of December 2022

**BARHAM & MAUCERE LLC**

*/s/ Daniel O. Barham*