IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| VIMALA, LLC, et al., | ) |
| Plaintiffs, | ) |
| v. | ) NO. 3:19-cv-00513 |
| | ) JUDGE RICHARDSON |
| WELLS FARGO BANK, N.A., et al., | ) |
| Defendants. | ) |

## **ORDER**

The Court has received from the Special Master in this case several documents he wishes to have filed, to the end of having this case reopened for a specific and limited purpose, *i.e.*, to address issues regarding the non-payment of a portion of his fees.[1] The potential for such filings to reopen the case for this limited purpose was specifically contemplated in the order dismissing this action. (Doc. No. 203 at 1). Accordingly, the Clerk is DIRECTED to reopen this case.

The Court emphasizes that the case remains closed except to the extent that it is being reopened for this one particular purpose. The Court intends to have the Special Master's documents filed imminently and to thereafter issue an order requiring Plaintiffs to respond to those filings — through new counsel at least in the case of Plaintiff Vimala LLC ("Vimala"), as discussed below.

Pending before the Court is Barham & Maucere LLC's Motion to Withdraw as Counsel for Plaintiffs. (Doc. No. 204, "Motion to Withdraw"). The Motion to Withdraw is procedurally proper and unopposed by any stakeholder (including Plaintiffs), and it is therefore **GRANTED**.

---

[1] After receiving these documents, the Court has ceased communicating in camera with the Special Master (as was specifically permitted by the order appointing him "for any purpose related to the Delegated Issues," Doc. No. 188 at 4). Such cessation as appropriate because: (i) in light of the dismissal of this action, the "Delegated Issues" became moot; and (ii) the Special Master acting in a neutral capacity but rather as a claimant seeking affirmative relief for himself from the Court.

The Court notes that Vimala can be heard in this Court only through counsel, as a party that is an entity (such as a limited liability company like Vimala) cannot litigate in federal court *pro se*. Accordingly, the Court notes that Vimala would be well-served to begin efforts to retain new counsel immediately if it has not already done so. For her part, Plaintiff Alicia Venkataraman ("Venkataraman") may litigate in this Court *pro se*, although alternatively she could be represented either by counsel representing Vimala or by different counsel.

In any event, Plaintiffs are hereby advised that they will be required to respond to the above-referenced documents from the Special Master once they are filed, as will be explained more fully in a subsequent order. That order will also set a deadline for new counsel to appear on behalf of Vimala and, if appropriate, Venkataraman.

Barham & Maucere LLC is hereby DIRECTED to send a copy of this order to Plaintiffs via email and via U.S. mail and then file a notice with the Court confirming such transmission and receipt by Plaintiff (assuming that such receipt can be confirmed, as the Court would hope).

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE