IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| VIMALA, LLC et al, | ) | |
| | ) | NO. 3:19-cv-00513 |
| Plaintiffs, | ) | |
| | ) | JUDGE RICHARDSON |
| v. | ) | |
| | ) | |
| WELLS FARGO BANK, N.A. et al, | ) | |
| | | |
| Defendants. | | |

# **ORDER**

Pending before the Court is Special Master Scott Cooper's motion to reopen this action, hold Plaintiffs and Plaintiffs' counsel in contempt, and order Plaintiffs and their counsel to pay Plaintiffs' portion of the Special Master's fees. (Doc. No. 208, "Motion"). Plaintiffs' counsel, Barham & Maucere, LLC filed a response (Doc. No. 219), and Plaintiffs filed a response (Doc. No. 220). The Special Master filed a reply (Doc. No. 224).

On August 3, 2022, the Court entered an order appointing the Special Master (Doc. No. 188). The order stated in part:

> Presumptively, and subject to potential adjustment based on the resolution of the disputed issues and this case as a whole, Plaintiffs shall be responsible for 33.3 percent, and Defendants shall be responsible for 66.7 percent of (i) the costs and expenses of the Special Master, and (ii) any other costs and expenses related to this Appointment Order, including but not limited to fees for a court reporter. Plaintiffs and Defendants shall be responsible for paying to the Special Master their above-specified respective portion of each monthly invoice within thirty (30) days of receipt of such invoice.

(*Id.* at 7). At the outset, the Court agrees with Plaintiffs' counsel that this provision applies to Plaintiffs and not Plaintiffs' (former) counsel. As is typical, the Court's order implicating parties—in this case, "Plaintiffs" —implicates only the parties themselves and not their legal counsel. And although the Court understands that the Special Master is not very happy with Plaintiffs' (former)

counsel for a variety of reasons, the Court cannot say based on this record that Plaintiffs' (former) counsel have affirmatively somehow done something to put themselves on the hook for their client's financial obligation to the Special Mater. The Motion will be therefore denied insofar as it seeks relief against Plaintiffs' counsel under the above-excerpted provision of the order appointing the Special Master.

Furthermore, the Court agrees with Plaintiffs that civil contempt is not appropriate here. "The Court possesses broad discretion in enforcing civil contempt and in fashioning sanctions." *Commodity Futures Trading Com'n ex rel. Kelley v. Skorupskas*, 605 F. Supp. 923, 944 (E.D. Mich. 1985). In order to succeed on a motion for civil contempt, the movant must show by clear and convincing evidence that a party violated a "definite and specific" order of a court that required the party to perform or to refrain from performing a particular act or acts. *See Cernelle v. Graminex, L.L.C.*, 437 F. Supp. 3d 574, 600 (E.D. Mich. 2020). As Plaintiffs point out, the Court's order as to the payment of Special Master's fees, as excerpted above, is explicitly presumptive and subject to potential adjustment. Plaintiffs have therefore not violated a "definite and specific" order by failing to pay the above-described fees. That is not to say that the Special Master lacks colorable grounds for a grievance against Plaintiffs for non-payment of the fees that he has billed. Nevertheless, the Court, in its discretion, declines to hold Plaintiffs in contempt.

Finally, Plaintiffs and the Special Master do not dispute that a judgment against Plaintiffs for the portion of the fees owed to the Special Master, as described above, is at least part of the appropriate remedy here. Given that Plaintiffs do not object to the entry of a judgment of this nature, that the Court finds no basis to conclude that a judgment cannot be entered in favor of the Special Master due to the fact that he is not technically a party, and that the Court perceives that the Special Master has earned such fees via his in-depth and specialized work, the Court will enter

judgment against Plaintiffs for 33.3 percent of (i) the costs and expenses of the Special Master, and (ii) any other costs and expenses related to this Appointment Order, including but not limited to fees for a court reporter.

In summary, the Motion at Doc. No. 208 is DENIED in part and GRANTED in part. The Motion is DENIED insofar as it requests that the Court hold Plaintiffs and Plaintiffs' counsel in contempt. The Motion is further DENIED insofar as it seeks a judgment, as described above, against Plaintiffs' counsel. Finally, the Motion is GRANTED insofar as it requests a judgment, as described above, against Plaintiffs. A separate judgment will be entered accordingly.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE